THOS. DAVIS and wife DOCEY and others v. NATHAN HILL.

Upon a disagreement of counsel as to the testimony of a witness, upon the trial of a cause in the Superior Court, the Court recalled the witness and reduced his testimony upon the disputed matter *verbatim,* to writing, which upon being read to the witness, was acknowledged by him to be correct. Counsel made no objection to the correctness of the written evidence, and the same was read to the jury by the Court. *Held,* that it was not error in the Court below to refuse to allow counsel to argue to the jury that the witness when recalled had made a different statement from that read to the jury by the Court.

(*Munroe* v. *Stultz,* 4 Ired., 49 ; *Patton* v. *Clendennon,* 3 Murph., 68 ; *Reed* v. *Cox,* 6 Ired. Eq., 511, cited and approved.)

CIVIL ACTION tried before SEYMOUR, J., at Spring Term, 1875, of LENOIR Superior Court.

The action was instituted for the purpose of having the defendant declared a trustee of certain lands, for the benefit of the plaintiffs. There was evidence tending to show that the land was purchased at a sale, under execution against the plaintiff by Council Wooten in 1867, and was in January, 1872, sold by Wooten to the defendant for the sum of $800, of which $200 was paid in cash and three notes given for the balance, to-wit : one for $300, one for $150, payable on the 1st day of January, 1873, and another for $150, payable January 1st, 1874. All of these notes were paid by the defendant before the commencement of this action.

There was also evidence tending to prove that the defendant bought the land in consequence of an agreement to the effect that he should buy the land from Wooten in order to befriend Davis, and that when Davis repaid the purchase money, the defendant was to convey the land to the *feme* plaintiff and her children.

Evidence was offered on behalf of the defendant, tending to prove that there was no such agreement.

The following issue was submitted to the jury: Did the defendant purchase the land described in the pleadings, in trust for the wife of the plaintiff, Thomas, and her children?

To this the jury responded in the negative.

Upon the argument one of the counsel for the plaintiffs stated that a witness for defendant, one B. F. Sutton, had testified as to the terms of the contract, according to their views of the same. The counsel for the defendant interrupted him and stated that he was misrepresenting the testimony. Upon reference to his notes his Honor found that the witness had testified as stated by the defendant's counsel, and so stated. The counsel for the plaintiff insisted that his view of the testimony was correct, and that he was supported by his associates. Thereupon his Honor recalled the witness and examined him himself upon the point in question, taking down his testimony *verbatim*, and read the same to the witness, in order that he might correct it if erroneous. The counsel for the plaintiff again resumed his argument, and insisted that the witness had given the same evidence when recalled as he had claimed that he had given, and proceeded to state what he had at first claimed to be the testimony, and then what he claimed to have been his testimony when recalled. The Court being of the opinion that the counsel had given an incorrect statement of what the witness had said upon being recalled, interrupted him and so stated, and read the evidence of the witness to the jury. Counsel for the plaintiff insisted that he had a right to argue

to the jury his version of the last statement of the witness, and that what the witness testified was a matter for the jury. The Court held that the counsel could not further argue the matter to the jury nor contend before them that the witness when recalled had made a different statement from that which his Honor had reduced to writing. The counsel excepted.

Concerning the testimony of this witness his Honor charged the jury : That while it was the duty of the Judge to narrate to them the evidence, they were not bound by his statement of it, but were sole judges of what was the testimony.

Upon the verdict of the jury the Court rendered judgment for the defendants and the plaintiffs appealed.

*Smith & Strong* and *A. K. Smedes,* for the appellant. *Faircloth & Grainger,* contra.

BYNUM, J.    The material issue submitted to the jury was: "Did the defendant purchase the land described in the pleadings, in trust for the plaintiffs, Docey and her children." Evidence was given in support of the affirmative and negative of this proposition, but the jury found in the negative. This verdict ends the controversy, unless some one of the exceptions taken by the plaintiffs will avail them. The only exception relied upon in this Court is that which arose upon the testimony of Mr. Sutton.    After the evidence was given, in his address to the jury the counsel for the plaintiff stated, "that the witness Sutton had given the terms of the agreement according to his views.    The counsel for the defendant interrupted him and claimed that the counsel was misrepresenting the testimony.    Upon reference to his notes the presiding Judge found the testimony to be there given as claimed by the defendant, and so stated.    The counsel for the plaintiff, still insisting that his view of the testimony was

Davis and wife and others *v.* Hill.

correct, and that he was supported by his associates, the Judge re-called Sutton and himself examined him, taking down his testimony *verbatim,* and then reading it over to him, and asking him if he had any corrections to make. The counsel then resumed and insisted that the witness had, upon being re-called, given the same evidence which he, the counsel, had before claimed that he had given. The counsel proceeded to state what he had at first claimed to have been Sutton's testimony. The Judge being of opinion that the counsel had given an incorrect statement of what the witness had stated upon his re-call, interrupted him and so said ; at the same time reading from his notes the witness's testimony. The counsel then insisted that he had a right to argue to the jury his version of the last statement of the witness ; and that *what* the witness testified to was matter for the jury. The Judge remarked that while that was so, he would not allow counsel any further to argue the matter to the jury, or to now contend before them that the witness when re-called had given a different statement from that which he had upon his notes ; to which the counsel excepted."

It is difficult to extract a legal exception from this statement. It appears to be only an altercation between the counsel and the Court, not at all to the advantage of the former. Upon a disagreement of counsel as to the testimony of the witness, and a reference to the Court to decide the dispute, his decision, as a general rule, should be acquiesced in. But when counsel persist against the decision of the Court, and he thereupon recalls the witness and reduces his testimony, *verbatim,* to writing, which is read over to the witness and acknowledged by him to be correct, in the presence of the counsel, who makes no objection to the correctness of the written statement ; then for him to still persist in giving to the jury another and different version of the testimony, is at least unseemly and opposed to the orderly

and dignified administration of justice.    It was the duty of the Judge to have ended the controversy sooner than he did.

In trials by jury it is in the province of the presiding Judge to decide all questions on the admissibility of evidence to the jury as well as to determine whether there be any evidence or not.    This power necessarily includes the power to decide, in cases of dispute, what the evidence is which has been admitted.    The jury can consider the weight and effect of that evidence only which has been allowed by the Court to go to them.    1 Greenl., sec. 49 ; *Munroe* v. *Stultz,* 9 Ired., 49.    In cases where the Court is not distinct in his recollection of the testimony, he may, and it is generally advisable, to refer it to the jury for their better recollection.    If they have doubts as to the precise terms of the testimony, the Court will, at their sugestion, have the witness recalled and re-examined upon the doubtful point.

In our case, the counsel was first corrected from the Judge's notes, and that not giving satisfaction, the witness was recalled and his evidence was reduced to writing, *verbatim*, and read to the jury.    The jury do not seem to have shared the incredibility of the counsel.    How could they ? The evidence became a writing, having the fixity and unchangeableness of a deposition, a bond or a deed.    It was conclusive.    We do not understand the Judge to have precluded the counsel from further argument to the jury, upon the testimony, but that he did disallow further argument as to what was the testimony of Sutton.    This is apparent from his subsequent charge to the jury, wherein he instructed them " that while it was the duty of the Judge to narrate to them the evidence, they were not bound by his statement of it, but were the sole judges of what was the testimony."    We do not concur in this statement of the law, but it was error in favor of the plaintiffs and they have no cause of complaint in that.

The case was fairly submitted to the jury and the verdict

disposes of the action. Indeed, from the evidence which is made a part of the case, the jury could not have found otherwise; for even upon the plaintiff's testimony alone, it is clear that there was no trust in the defendant which this Court could enforce. *Patton* v. *Clendenon,* 3 Murphy, 68; *Reed* v. *Cox,* 6 Ired. Eq., 511.

The other exceptions were not insisted on here and are untenable. There is no error.

PER CURIAM.                    Judgment affirmed.