JAMES CHOWNING, Respondent, v. C. A. PARKER
et al., Appellants.

Kansas City Court of Appeals, February 1, 1904.

1. **TRIAL AND APPELLATE PRACTICE: Misconduct of Attorney: Setting Aside Verdict.** In his argument to the jury plaintiff's counsel referred to certain refused evidence as well as to former verdicts in the cause, and when objection was raised said he did it through inadvertence. *Held*, no excuse, and the remedy is to set aside the verdict.

2. ———: **Evidence of Absent Witness: Loss of Affidavit.** Defendant filed an affidavit for continuance setting forth the evidence of an absent witness. Thereupon the trial proceeded upon the theory that the defendants would read the matter set out in the affidavit as evidence. When they desired to do so the affidavit was lost, but the defendant proceeded with the trial. *Held*, defendant should have asked leave to supply the lost affidavit, and failing to do that has no cause to complain.

Appeal from Jasper Circuit Court.—*Hon. J. D.
Perkins*, Judge.

REVERSED AND REMANDED.

*James J. Nelson* for appellants.

(1) "When counsel, in argument to a jury, attempt to make a case which they would not be allowed to establish by evidence, their conduct, if objected to at the time and allowed to pass unrebuked, is ground for a new trial." Norton v. Railway, 40 Mo. App. 642; McDonald v. Cash, 45 Mo. App. 66; Gibson v. Viebig, 24 Mo. App. 66; State v. Lee, 66 Mo. 165; Evans v. Trenton, 112 Mo. 390. "When it is probable that remarks of counsel affected the result it is the plain duty of the court to grant a new trial." Evans v. Trenton, 112 Mo. 390; Enser v. Smith, 57 Mo. App. 584. (2)

The declaration made by plaintiff's attorney to the jury that the case had been a couple of times previously decided adversely to defendants, is good ground for a new trial. State v. Leabo, 89 Mo. 247. (3) Attorney A. M. Whitworth's attempt to stifle evidence and to gain an unconscionable advantage should be defeated by setting aside the verdict. Rickroad v. Marton, 43 Mo. App. 599.

*A. M. Whitworth* for respondent.

(1) The alleged improper remarks of counsel for respondent while addressing the jury were made in his opening address and inadvertently and were considered harmless by the court and do not furnish any ground for reversal, as this is a matter largely within the discretion of the trial judge. Huckshold v. Railroad, 90 Mo. 548; Sikekum v. Railroad, 93 Mo. 40. In such cases the trial court is almost the final arbiter, and unless he clearly abuses his discretion the appellate court will not interfere. Lydia M. Lloyd v. Railroad, 53 Mo. 509; State v. Morgan, 1 Mo. App. 22; Wright and Orrison v. E. D. Brown, 68 Mo. App. 577; Hoffman v. Hoffman, 126 Mo. 487; Burdoin v. Town of Trenton, 116 Mo. 359.

BROADDUS, J.—This suit originated in a justice's court and was appealed to the circuit court where it was twice tried, each of the several verdicts being for the plaintiff. As the statement on which the case was tried was lost and has not been supplied, we can only infer from other documents and the contention of the parties the cause of action at issue.

It seems that in April, 1901, plaintiff sold to defendants a mining plant—a concentrating mill; that plaintiff was to receive therefor of the defendants when delivered the sum of $3,500; that said plant was already constructed, but was to be moved by plaintiff to defendants' mine, reconstructed and put in as good condition

as it was before its removal. The greater part of the purchase price had been paid and plaintiff's claim was for $165, which was alleged to be still due him. Defendants filed a counterclaim in which they admit that the original consideration for the plant was $3,500, but allege that the consideration was subsequently reduced by the parties to $3,415, or $85 less; and they further allege that they were damaged in the sum of $250 by reason of the defective reconstruction of said plant. There was evidence pro and con on the issues presented by the pleadings. Instructions were given at the instance of the parties, respectively, and some by the court on its own motion, but no complaint is made in defendants' motion for a new trial in that respect.

On the trial plaintiff offered in evidence a paper showing the amount of lead and jack turned in from the mine operated by the plant in controversy after it had been reconstructed. Defendants objected to it as irrelevant. The court admitted it as evidence on the ground that it would show the capacity of the plant. We think the court was right; it was a circumstance tending to show the capacity of the plant after its removal and reconstruction which related to the matter in issue.

The plaintiff tendered evidence to show that defendants offered him $85.14 as a compromise, but upon objection the tender was refused. The plaintiff's attorney in addressing the jury referred to that fact and, also, to the fact that the two former verdicts in the case had been in favor of plaintiff. The defendants objected to the conduct of plaintiff's attorney for so doing in both instances but his objections were overruled. The plaintiff's attorney seeks to palliate his conduct by saying that it was inadvertent. This is no excuse. If lawyers will persist in this kind of practice, which the courts have always condemned but sometimes excused, the time has arrived when something should be done to prevent it for the future. The remedy is to set the verdict aside. The trial judges are much annoyed by the

practice of attorneys indulging in such conduct in order to get an advantage of their adversary. The plea of inadvertence and want of motive ought not to be received, either as an excuse or as a palliation of the offense. After instilling the poison into the mind of a juryman, for that is the object, as a rule, the wrong is not undone by the empty apology that the act was unintentional. Every lawyer ought to know that such conduct is wrong and unbecoming an honorable profession.

The defendants when the trial was called were not ready on account of the absence of a material witness. Affidavit was made as to what his evidence would be if he was present. They went into the trial with the understanding that they could read this affidavit to the jury; but it was not to be found when the time arrived for its introduction and the defendants concluded their side of the case without it. It is admitted that this affidavit was handed to plaintiff's attorney. It transpired that it had been carried from the courtroom by an attorney who had nothing to do with the case. It was found in a bundle of papers secured together by a rubber band. The attorney who carried it away did not know that he had done so. It further appears that plaintiff's attorney stated that he had laid it on the judge's desk. The defendants claim that plaintiff's attorney hid it in said bunch of papers for the purpose of keeping it from being read in evidence. They insist that they were greatly injured by the wrongful conduct of said attorney in suppressing the evidence contained in said affidavit.

When defendants discovered the loss of the affidavit they should have asked the court at least for the privilege of supplying such loss, which no doubt the court would have permitted. C. A. Parker, one of the defendants, made the affidavit at the beginning of the trial, and was in a position to have supplied the missing one, but defendants submitted their case without making any kind of effort to supply such evidence. For which reason they have no cause for complaint.

Other immaterial points raised by defendants will not be noticed. But on account of the misconduct of plaintiff's attorney herein condemned, the cause is reversed and remanded. All concur.