THE STATE EX REL. CLARA MYER v. CHARLES H. DAUES ET AL., JUDGES OF ST. LOUIS COURT OF APPEALS.

Division Two, June 25, 1926.

**ARGUMENT TO JURY: Failure to Produce Witnesses: Reasonable Inference.** A street car ran into the back end of an automobile, traveling about ten miles an hour, the tail light burning, and relator, an occupant of the automobile, was injured and sued for damages. The motorman and conductor testified that the automobile ran suddenly and rapidly out of an alley and directly in front of the street car and was immediately struck by it. The conductor, called as a witness for plaintiff in rebuttal, testified that at the time of the accident there were ten or twelve passengers in the street car, and that he got their names and forwarded them with his report of the accident to the defendant company. Defendant unavailingly moved to strike out this testimony, and in a colloquy between court and counsel plaintiff's attorney remarked: "They had the witnesses, but didn't produce them." On cross-examination the witness was asked: "Did any of the passengers tell you that they saw the accident?" Objection to the question by plaintiff was sustained. In his argument to the jury plaintiff's counsel said: "Let us look at the conductor's testimony. He says there were ten or twelve passengers on that car and they saw the accident. The testimony is that they took their names and that they were sent to the company. They are not here, none of them. The plaintiff was taken away in an ambulance and she had no opportunity to get names of witnesses." **Held,** that it may fairly be inferred that the ten or twelve passengers had opportunity to observe the collision, and in the light of human experience it may be assumed that their names and addresses were furnished by the conductor in the course of his duty that they might be used as witnesses in case of litigation growing out of the collision, and it being within the power of de-

fendant to produce them its failure to do so was a strong circumstance against defendant, which not only the jury were entitled to consider, but was a just basis for the argument, and for an inference that had they been produced they would have corroborated plaintiff's testimony and contradicted that of the conductor and motorman, and the Court of Appeals in ruling the argument was improper and prejudicial contravened many prior decisions of this court.

---

Corpus Juris-Cyc. References: **Trial**, 38 Cyc., p. 1490, n. 26.

*Certiorari.*

RECORD QUASHED.

*Douglass, Inman & Horsefield* for relator.

(1)  The opinion of the Court of Appeals holding the argument of plaintiff's counsel to the jury erroneous and prejudicial is in direct conflict with the following opinions of this court, which hold that ''where a party fails to call a witness under his control or whose testimony he is particularly acquainted with and of which the other party is ignorant, it is not improper for counsel on the other side, in the argument, to comment on the failure to produce such witnesses:'' Atkinson v. United Railways Co., 286 Mo. 634; Powell v. Railroad, 255 Mo. 420; Kame v. Railroad, 254 Mo. 175; Burridge v. Insurance Co., 211 Mo. 175; Kirk v. Middlebrook, 201 Mo. 288 (quoting with approval Lord Mansfield Maxim); Rayburn v. Railroad, 187 Mo. 565; McCord v. Schaff, 279 Mo. 558; Ostertag v. Railroad, 261 Mo. 457; Furstenburg v. Krane, 249 S. W. 143; Bent v. Lewis, 88 Mo. 470; Huckshold v. Railroad, 90 Mo. 559; City of Kennett v. Construction Co., 273 Mo. 294; State v. Kester, 201 S. W. 63; Whitmore v. Express Co , 269 S. W. 657; Gilman v. Fleming, 265 S. W. 106. (2)  The opinion of the Court of Appeals says that defendant's counsel asked the conductor the question; ''Did any of the passengers tell you that they saw the accident?'' which was objected to by plaintiff's counsel and the objection sustained, and plaintiff had thereby prevented the cross-examination of the conductor by defendant's counsel to show whether or not the conductor obtained information from the passengers that they had witnessed the accident.  The opinion shows no offer of proof was made by defendant to show what the conductor would testify to, and, therefore, in the absence of an offer of proof of what the testimony would be, this alleged error is unavailing to the defendant.  Glitzke v. Kinsberg, 258 S. W. 1007; Ternetz v. Lime & Cement Co., 252 S. W. 71.  (3)  The argument complained of, if erroneous, would not be so prejudicial as to con-

stitute reversible error.    Ostertag v. Railroad, 261 Mo. 479; Ryans
v. Hospes, 167 Mo. 363; Bright v. Samons, 214 S. W. 429.

*Charles W. Bates, T. E. Francis* and *J. F. Evans* for respondents.

(1) ˙ The opinion is not in conflict with any controlling decision
of the Supreme Court.   Atkinson v. United Railways Co., 286 Mo. 634;
Powell v. Railroad, 255 Mo. 420; Kame v. Railroad, 254 Mo. 194;
Burridge v. Ins. Co., 211 Mo. 175; Kirk v. Middlebrook, 201 Mo. 288;
Rayburn v. Railroad, 187 Mo. 575; McCord v. Schaff, 279 Mo. 565;
Bent v. Lewis, 88 Mo. 462; Huckshold v. Railroad, 90 Mo. 559; City
of Kenneth v. Construction Co., 273 Mo. 294; State v. Kester, 201 S.
W. 62; Kerstner v. Vorweg, 130 Mo. 196; Farmers' Bank v. Worthing-
ton, 145 Mo. 91.   (2)   An unwarranted comment, during argument,
on the failure of the other party to produce witnesses is prejudicial
and constitutes reversible error.   Atkinson v. United Railways Co.,
286 Mo. 641.

HIGBEE, C.—*Certiorari* to review the opinion and judgment of
the St. Louis Court of Appeals, reversing and remanding the judg-
ment of the Circuit Court of the City of St. Louis in the case of
Clara Myer v. Rolla Wells, receiver of the United Railways Com-
pany, appellant, 277 S. W. 585.

About nine P. M. on February 23, 1923, the relator was riding in
an automobile driven by Morris Schneider, the owner of the automo-
bile, westward on Olive Street in the city of St. Louis.   There were
many automobiles parked on the north side of the street, in conse-
quence of which Schneider drove his car with its left wheels on
the south side of the north rail of the north street-car track.   Before
entering Olive Street Schneider looked and saw no west-bound street
car.   While driving about ten miles per hour, with the tail light on
his automobile burning, a west-bound street car ran into the rear end
of the automobile, inflicting serious bodily injuries on the relator.

The case was submitted on the humanitarian rule and the Vigilant
Watch Ordinance, resulting in a verdict and judgment for the relator
for $7,500.   We quote from the opinion:

"The motorman and conductor of the street car, called on behalf
of defendant, testified that as the street car proceeded west the auto-
mobile in which plaintiff was riding ran suddenly and at a rapid
rate of speed out of an alley or driveway on the north side of Olive
Street directly in front of the street car; that as the automobile turned
to the west it was struck by the street car and was shoved against an-
other automobile parked on the north side of Olive; that the street
car was running at a speed of about ten miles per hour as it ap-
proached the alley or driveway; that the car was stopped within a

distance of two and one-half to three feet after it collided with the automobile; that the car was stopped as soon as it was possible to stop it after the automobile came into the danger zone; that the car ran eight to nine feet after the brakes were applied before it collided with the automobile; that there were automobiles parked all along the north side of Olive; and that the distance between the parked automobiles and the overhang of the street car was about four feet.

"The conductor of the street car, called as a witness for plaintiff in rebuttal, testified that at the time of the accident there were ten or twelve passengers on his car, and that he got the names of the passengers and forwarded them with his report of the accident to the foreman of his district. Defendant's counsel unavailingly moved to strike out this testimony. In the colloquy that ensued between the court and counsel, plaintiff's counsel remarked: 'They had the witnesses but didn't produce them.' Objection to this remark, with a request to strike it out, made by defendant's counsel, was overruled by the court. Whereupon on cross-examination of the witness defendant's counsel asked: 'Did any of the passengers tell you that they saw the accident?' Objection to this question by plaintiff's counsel was sustained by the court.

"Defendant assigns reversible error on the part of the trial court for permitting the plaintiff's counsel to argue to the jury, over the objections and exceptions of defendant, as follows: 'Now, let us look at the conductor's testimony. He says there were ten or twelve passengers on that car and they saw the accident. The testimony is they took their names and that they were sent to the United Railways. The plaintiff was taken away in an ambulance and she had no opportunity to get names of witnesses. We don't know who they are, had no opportunity of knowing. There was no one described them and they are not here, none of them.'

"This argument was highly improper and prejudicial. There is no justification or excuse for it in the record. There was no such relation existing between the passengers and the defendant as to warrant the jury in drawing any inference unfavorable to the defendant for failing to produce the passengers as witnesses." (P. 586).

In Evans v. Trenton, 112 Mo. 390, 401, the court said, in substance, quoting from well considered cases, that great freedom is allowed to an attorney in the conduct of his client's cause; the range of discussion is wide. In his addresses to the jury he may discuss the facts proved or admitted and the inferences that may legitimately be drawn therefrom; arraign the conduct of the parties; impugn, excuse, justify or condemn motives, so far as developed in the evidence; assail the credibility of the witnesses when impeached by direct evidence or by the inconsistency or incoherence of their testimony. He

may give play to his wit and wing to his imagination, so long as his argument is pertinent and within the record, but he takes the hazard of its not being so. Statements of facts not proved and comments thereon are outside of a cause. It is his duty to make the most of his client's case, but he is outside of his duty and right when he travels outside of his client's case and assumes to supply its deficiency. In speaking of the discretion of the judge in determining what is legitimate argument the court said: (p. 401): "On the contrary it is his duty to exercise a reasonable control over the conduct of counsel, and to check an abuse of the privilege of argument. It was aptly said by the Supreme Court of North Carolina in Davis v. Hill, 75 N. C. 224, that no duty incumbent on the judge of a trial court is more imperative or more important to the fair and orderly administration of justice, than that of interposing to restrain everything in the course of the trial that tends to mislead a jury, and to divert their minds from the strict line of inquiry with which they are charged. The duty of the trial judge in this respect is universally recognized. And it is also well settled that the trial judge, being familiar with all the facts and circumstances, as well as the shades of the evidence, must necessarily have a broad discretion in the control of an argument, and 'it is only in cases where its discretion has been manifestly abused in such matters, that the appellate courts will interfere.' "

We have quoted from the opinion of the learned Court of Appeals the summary of the testimony of the motorman and conductor as to the circumstances connected with the collision. It appears from the testimony of the conductor that he took down the names and addresses of ten or twelve passengers on the street car and sent them with his report of the accident to the foreman of his district. The Court of Appeals holds that the remarks of relator's counsel to the jury, which are set out, were improper and prejudicial.

In Kirk v. Middlebrook, 201 Mo. 245, 288, 100 S. W. 450, Judge LAMM quoted approvingly the language of Lord Mansfield in Blatch v. Archer (Cowper, 63, 65) viz: "All evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other side to have contradicted."

The evidence of the motorman and conductor was in direct conflict with the evidence adduced by the plaintiff. The conductor had furnished an official of the street railway company the names of ten or twelve passengers on the street car who, it may fairly be inferred, had an opportunity to observe the collision. In the light of human experience it may be assumed that the names and addresses of these passengers were furnished by the conductor in the course of his duty that they might be used by the defendant as witnesses in case of litigation over the collision. Else why did the conductor furnish their

names? The defendant knew the names and addresses of the passengers; it was within its power to have produced them as witnesses at the trial. Would they have corroborated the evidence of the motorman and conductor? The plaintiff did not know their names or addresses and it was not within her power to have produced them as witnesses.

In McCord v. Schaff, 279 Mo. 558, 565, 216 S. W. 320, we said: "It has been held that failure of a party to call witnesses within his power who know vital facts affecting the issue upon which the case is tried, is taken as a strong circumstance against such party." (Citing cases.)

In State v. Kester, 201 S. W. (Mo.) 62, quoting syl. 4, we said: "Where one accused of felonious assault had testified to the fact that he was accompanied by three others, and only two of the others, who were his brothers, testified, it was not error for the prosecuting attorney to comment on the failure to produce the third man to testify that no shot was fired." In the opinion it is said: "A remark of this character, while based on the evident inference that if an absent witness' testimony would corroborate the defendant, he would have called him, otherwise not, is nevertheless free from prejudice because its extent is simply to inquire why a witness was not produced, and is held, here and elsewhere, to constitute a legitimate conclusion which may be made in argument to the jury." (Citing cases.)

This question was considered at some length in City of Kennett v. Construction Company, 273 Mo. 279, 294, VI, 202 S. W. 558, where Judge WALKER cites cases illustrating the "liberal latitude" allowed counsel in their deductions from the evidence.

In Atkinson v. United Rys. Co., 286 Mo. 634, 640, 228 S. W. 483, WHITE, J., said: "Where a party fails to call a witness under his control, or with whose testimony he is particularly acquainted, and of which the other party is ignorant, it is not improper for counsel on the other side to comment on the failure to produce such witness. . . . The rule seems to be general that no unfavorable inference may be drawn, and no unfavorable comment be made, by counsel in his arguments on account of the absence of a witness whose evidence is equally accessible to both parties."

Our conclusion is that the learned trial judge did not err in overruling the objection to the argument of counsel assigned as error, and that the opinion of the learned Court of Appeals in this respect is in conflict with the controlling decisions of this court. The opinion and judgment of the Court of Appeals is therefore quashed. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is hereby adopted as the opinion of the court. All of the judges concur.