Annabelle Jennewien KELSEY (Plaintiff) Respondent,

v.

Joseph KELSEY and William A. Ruzicka (Defendants),

Joseph Kelsey (Defendant), Appellant.

No. 30322.

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1959.

Byron A. Roche, Doris J. Banta, St. Louis, for appellant.

Philip A. Foley, Geo. E. Murray, Clayton, for respondent.

WOLFE, Presiding Judge.

This is an action for damages arising out of personal injuries sustained by reason of an automobile collision between the automobiles of Joseph Kelsey and William A. Ruzicka. The plaintiff was a passenger in Kelsey's automobile. She dismissed as to Ruzicka, and the jury returned a verdict for her and against Joseph Kelsey in the sum of $7,000. From the judgment on the verdict defendant Kelsey prosecutes this appeal.

The collision giving rise to this action occurred on November 22, 1947. Ruzicka and a young woman riding with him were returning from a trip to Columbia, Illinois. At some time after midnight he was driving northwardly on Kirkwood Road approaching a point where it is intersected by Madison Avenue, in the City of Kirkwood, Missouri. His speed had been about 30 miles per hour, but he slowed to about 20 or 25 miles per hour as he approached a railroad crossing a short distance south of the Madison Avenue intersection. At or within the intersection of Madison Avenue and Kirkwood Road, Ruzicka's car was struck in the rear by the car driven by Kelsey.

The plaintiff, who was engaged to be married to defendant Kelsey, was riding in the front seat with him. They were later married and were husband and wife at the time of trial. In the rear seat were her sister and a young man. All of them were returning from a dance in Valley Park. It was raining and the windows of the car were clouded or fogged. They were traveling northwardly on Kirkwood Road at a speed of about forty miles per hour. Near the Madison Avenue intersection a bus was about to pull out from the curb. Defendant Kelsey drove his car around the left of the bus and collided with the rear end of Ruzicka's car, which was ahead of the bus. The collision turned Ruzicka's car over on its side, and Kelsey's car went to the left and came to rest facing south on Kirkwood Road. This substantially summarizes all of the evidence offered by the plaintiff in relation to the cause of the collision. The defendant did not testify either as a witness in the plaintiff's cause or in his own defense.

The plaintiff suffered a laceration of the right side of her forehead and right eyelid, a laceration of the knee, and multiple bruises. She has a permanent scar from the cut on the forehead and on the knee.

The appellant contends that the argument of plaintiff's counsel was prejudicially erroneous in several respects. First it was asserted that the court erroneously permitted counsel to comment upon and draw inferences from the failure of the defendant to testify. It is asserted that the case was defended by appellant's insurance company, and this was freely admitted in the course of the trial. In view of this appellant argues that the defendant was available as a witness to the plaintiff, and that no unfavorable inference can be drawn from his failure to testify in his own behalf. We are cited to Johnson v. St. Louis Public Service Co., 363 Mo. 380, 251 S.W.2d 70, 74, and other cases of like import holding that "no unfavorable inference is to be drawn or comment made by counsel on account of the non-production of witnesses equally available". See also Litt v. Allen, Mo.App., 313 S.W.2d 183. This rule is without application to a situation where a party to the action fails to testify in his own behalf when he has knowledge of the facts and circumstances bearing upon the issues. In such cases the failure of the party to testify raises a presumption that his testimony would have been unfavorable to his cause. Block v. Rackers, Mo.Sup.,

256 S.W.2d 760; Irle v. Irle, Mo.App., 284 S.W.2d 44.

■■ The presumption thus raised may therefore be properly mentioned in the argument. It is true that the named adversaries here were husband and wife, and because of this it is urged that the husband was more accessible as a witness to the plaintiff than he was to the defending insurance company. In Hamilton v. Fulkerson, Mo.Sup., 285 S.W.2d 642, the Supreme Court held that a wife could sue her husband for damages arising out of an antenuptial tort. They are therefore parties to an adversary action regardless of their marital status, and the comment of counsel inferring that the defendant did not take the stand because his testimony would have been damaging to his cause was permissible. Another remark complained of arose in the following manner. Ruzicka had testified that his claim for damages arising out of the collision and the claim of the young woman who had been with him had been paid by the insurance company. Counsel for plaintiff stated in argument:

"Now, you heard Mr. Ruzicka tell you they paid him, the insurance company, for his damages, his automobile. Do you think they would have paid him if he was not at fault? They paid the girl who was riding in his automobile. Do you think they would have paid her if he was not at fault? No, you know they wouldn't. We are trying this lawsuit because I will not take a bag of peanut shells for my lawsuit."

■■ Counsel for the defendant objected and requested the court to instruct the jury to disregard the statement. The court then stated: "Counsel, please confine your remarks as far as the case is concerned." If this was an admonition its meaning is not clear, and it neither sustained the objection nor instructed the jury to disregard the statement. The only meaning that could be put upon counsel's statement was that a small offer had been made in settlement of the plaintiff's claim, which the plaintiff had rejected. Negotiations to settle differences without litigation should be encouraged, and in the event they fail, they should be excluded from the evidence, and certainly they should not be the subject of comment by counsel when they are not in evidence. Starnes v. St. Joseph Railway, Light, Heat & Power Co., 331 Mo. 44, 52 S.W.2d 852; Jacobs v. Danciger, 344 Mo. 1042, 130 S.W.2d 588; Schneider v. Dubinsky Realty Co., 344 Mo. 654, 127 S.W.2d 691; Chowning v. Parker, 104 Mo.App. 674, 78 S.W. 677. The objection to the statement made by counsel should have been clearly sustained and the jury admonished to disregard it. This was not done, and the court was in error in failing to do so.

■ It is also asserted that a prejudicial argument was made when the plaintiff's counsel, directing his remarks to the women on the jury, suggested that they put themselves or their children in the place of the plaintiff. An objection to this line of argument was overruled. This also was erroneous. Such arguments are uniformly condemned, and the rational for so condemning them is fully discussed in a recent opinion by the Supreme Court. Faught v. Washam, 329 S.W.2d 588.

■ Plaintiff's counsel made a statement to the effect that counsel for the defendant had suppressed evidence. This was without any basis in fact, and the court did sustain an objection, so no purpose would be served in discussing such arguments.

The appellant also contends that the instruction on the measure of damages was erroneous. It was as follows:

"The Court instructs the Jury that if under the evidence, and the other instruction given you in this case, you find the issues in favor of the plaintiff, Annabelle Kelsey, then in assessing her damages you shall allow her such an amount of money as you find and be-

lieve from the evidence will fairly and reasonably compensate her, and in arriving at such damages, you will take into consideration the following:

"First: For the injuries, if any, that you find and believe from the evidence Mrs. Kelsey sustained on the occasion mentioned in evidence.

"Second: For pain and suffering of body, if any, and for suffering of mind, if any, Mrs. Kelsey has suffered by reason of her injuries, if any, and directly caused thereby; and for pain and suffering of body, if any, and for pain and suffering of mind, if any, which you find from the evidence Mrs. Kelsey is reasonably certain to suffer in the future by reason of her injuries, if any, and directly caused thereby.

"Third: For such loss of earnings, if any, you believe from the evidence Mrs. Kelsey has suffered by reason and on account of said injuries, if any, sustained on the occasion in question, not to exceed the sum of $96.00.

"Fourth: For permanent injuries, if any, which Mrs. Kelsey has suffered by reason of her injuries, if any, and directly caused thereby, should your verdict be in favor of Mrs. Kelsey you may assess her damages, if any, in one lump sum."

It is asserted, as it has been many times in the past, that such instructions allow the jury to assess overlapping awards of damages. The courts have consistently condemned such instructions, but have frequently held that they are not prejudicially erroneous. Alexander v. Kansas City Public Service Co., Mo.App., 268 S.W.2d 451; Meierotto v. Thompson, 356 Mo. 32, 201 S.W.2d 161; Moss v. Mindlin's, Inc., Mo.Sup., 301 S.W.2d 761.

The respondent contends that none of the matters complained of was prejudicially erroneous. We are not here concerned

with this, nor do we need to pass upon it for it is quite evident that the combined effect of the errors noted was prejudicial and of such a nature as to deprive the defendant of a fair trial upon the issues present. Myers v. Moffett, Mo.Sup., 312 S.W.2d 59; Ritchie v. Burton, Mo.App., 292 S.W.2d 599; Faught v. Washam, supra. It is also contended that the verdict is excessive, but since the matter must be retried and a new verdict reached, the determination of this point would serve no purpose.

Because of the errors noted and the reasons set forth, the judgment is reversed and the cause remanded.

ANDERSON and RUDDY, JJ., concur.