CARRIE RAW, RESPONDENT, v. C. D. MADDOX, APPELLANT.—93 S. W. (2d) 282.

Kansas City Court of Appeals. April 6, 1936.

516

*Hulen & Walden* and *Jerry M. Jeffries* for respondent.

*Hunter & Chamier* for appellant.

SPERRY, C.—This is a suit for damages for injuries alleged to have been received by respondent by being struck by appellant's car in Moberly, Missouri. The jury found for defendant. The trial court granted a new trial and this appeal is from that order.

Respondent testified she was crossing Fourth Street, on the south side of Coates Street, shortly after noon and was about two or three steps from the east side of the street when she "felt misery" in her left knee, lost consciousness, then came to her senses and proceeded on east to the sidewalk and started south; that she had stopped and looked before starting across the street and saw no car at all; that she saw no car strike her but that something struck her, and when she looked south after reaching the sidewalk she saw a car about a half block away going south and the driver looked back and laughed; she could not identify car or driver.

Others testified as to her condition that afternoon and for the next few days afterward, bruises on her leg, hip and side, bleeding at the nose and ears, and flooding.

Appellant testified that he drove his car to the intersection of

Fourth and Coates Streets on the date and time alleged, and stopped north of the pedestrian crossing, near the west curb, to permit people to pass, including plaintiff who walked out of the pathway to put her hand on the radiator while his car was stationary, and passed on; that her leg did not strike the car at all. The only other witness for appellant testified to the same facts, except that he said respondent's leg brushed against the bumper of the car while it was stationary. Appellant stated that he could not see respondent from her waist down because of the car.

The trial court overruled appellant's demurrer to the evidence and gave, among others, the following instruction for respondent:

P-1. "You are instructed that if you find and believe from the evidence that on or about the 27th day of February, 1933, plaintiff was walking across the intersection of Coates and Fourth Street, in the City of Moberly, Missouri, on the south side of Coates Street, and was in the exercise of ordinary care for her own safety, and you further find and believe that at said time defendant was driving a motor car west on Coates Street and was turning south on Fourth Street, and that in so turning south, defendant negligently and carelessly failed to drive past the center of said intersection before turning south, but negligently and carelessly turned south into Fourth Street before he passed the center of said intersection, and you further find and believe that as a direct result of said carelessness and negligence on the part of defendant, if any, the car driven by defendant struck plaintiff and injured her, your verdict should be for plaintiff."

And the following, among others, for defendant:

D-2. "The Court instructs the jury that there is no evidence in this case that at the time and place plaintiff claims to have sustained the injuries alleged in her petition, that the defendant in rounding the curve of the intersection of Fourth and Coates Streets in Moberly, Missouri, negligently and carelessly failed to reduce his speed and keep his automobile as far to the right of the highway as reasonably possible, and that charge of negligence is withdrawn from your consideration."

Respondent was granted new trial on the grounds Instruction D-2 conflicts with Instruction P-1. It is conceded by appellant that said instructions do conflict, but he contends that his demurrer should have been sustained; that the verdict was for the right party; and that Instruction P-1 should not have been given.

1. If the demurrer should have been sustained, the error in giving the instruction complained of will not be ground for granting new trial, for if the verdict is for the right party it will not be set aside because of such error. [United Const. Co. v. City of St. Louis, 69 S. W. (2d) l. c. 641; Hess v. United Rys. Co., 127 Mo. App. 304.]

2. In determining the question of whether there was sufficient

518

evidence to take the case to the jury, we must examine the evidence adduced for respondent in the most favorable light and draw every favorable and reasonable inference therefrom. [Moller-Vandenboom Lumber Co. v. Boudreau, 85 S. W. (2d) l. c. 147.]

3. Respondent gave the only evidence in the case as to the manner in which she was struck. She says repeatedly that she was struck while crossing Fourth Street, at a point about three steps from the east curbing, on the south side of Coates. She did not see any car there and only infers that it was a car that struck her because, after she got up on the sidewalk and was proceeding south, she saw a car about a half block ahead of her, going south, and the driver looked back and laughed. She doesn't identify defendant as the driver, nor the car as his. Permitting the inference that a car struck her, it would be an inference on an inference (or a mere guess), that it was appellant's car. We cannot build up a case by piling inference on inference. It is speculative. [Frost v. Central Bus. Men's Assoc., 246 S. W. 628.] Thus far in respondent's case there is no evidence that appellant's car was near this intersection. But respondent's husband testified that appellant told him respondent walked into his car at this intersection while his car was stationary on the west side of the street and north of the pedestrian's lane. That does not place appellant's car on the east side of the street where respondent says she was struck, nor is it any admission that he cut the corner and struck her, or struck her at all.

To further connect defendant respondent introduced the deposition of appellant wherein he stated he drove west on Coates, on the north side of Coates, to a point west of the center line of Fourth, then turned south on Fourth and stopped to let pedestrians, including respondent, pass in front of his car; that respondent swerved out of line and placed her hand on the radiator of his car while it was stationary. This is the *only* evidence in the case as to where appellant's car was when respondent was crossing the street. If there was other evidence on the point we might ignore this deposition. But where respondent offered no other evidence on the point, she cannot ask us to disregard appellant's deposition which she introduced. [Polkowski v. Public Service Co., 68 S. W. (2d) l. c. 888; Manchester Bank v. Harrington, 199 S. W. 246; Rodan v. Transit Co., 207 Mo. 392.]

In the Polkowski case, supra, plaintiff called the motorman of defendant company as a witness to prove a certain fact and offered no other evidence on the point. The Supreme Court held that it was not a case of a hostile witness contradicting plaintiff, but that plaintiff's case was devoid of other evidence on the point, and cites Judge LAMM's language in the case of Rodan v. Transit Co., 207 Mo. 392, where he says:

"One may not drink from a spring and then roil it, or from a pitcher and then break it. . . . He may not avoid his dilemma in this way."

Observe that appellant does not say that respondent was not struck by an automobile on the east side of the street; he says his car was stationary near the west curb when respondent crossed in front of him. No other witness for respondent says that appellant's car was ever at the intersection. She says she didn't see any car when she started to cross nor at any other time, until she saw a car a half block in front of her after she had been struck. Some car, other than appellant's, could have struck her when and where she says she was struck.

Respondent is entitled to all benefits of appellant's evidence in support of her case on demurrer where appellant fails to stand on his demurrer and offers evidence. [Frost v. Central Business Men's Assoc., 246 S. W. 628.]

But here appellant's evidence doesn't aid respondent; nor does it contradict her as to *when* and *where* and *how* she was injured. It only tends to prove that his car could not have struck her as alleged in her petition, and stated by her attorney in opening statement. Respondent didn't say appellant's car ever struck her.

There was no evidence in the case from which an inference could be drawn that appellant's car could have struck her in the manner set forth in instruction P-1. The only evidence bearing on the point is that of appellant's deposition and his own evidence in chief which positively disproves such a possibility. It isn't a case where appellant's evidence, introduced by respondent, aids proof of respondent's allegations; it disproves them. It doesn't leave the matter of how appellant's car struck her to inference; it explains away any such inference. The inference that his car rounded or cut the corner and struck her on the east side of the street, the only place she could have received such injuries as she complains of takes flight upon introduction of positive evidence to the contrary. [Stines v. Dillman (Springfield), 4 S. W. (2d) 477; George v. Mo. Pac. (Kansas City), 213 Mo. App. 668; Sowders v. Railroads (St. Louis), 127 Mo. App., 1. c. 125; Brown v. Brown, 237 Mo. 1. c. 668; Penn. Ry. Co. v. Chamberlin, 288 U. S., 1. c. 394.] A necessary link in the chain of respondent's case cannot be proved by drawing a conclusion directly contrary to the evidence of the adverse party, who testified as respondent's witness, and was the only evidence on the point. [Penn. Ry. Co. v. Chamberlin, 288 U. S. 391; Manchester Bank v. Harrington, 199 S. W., 1. c. 249.]

Since proof that appellant's car rounded the corner and struck respondent near the east curb of Fourth Street was the gist of her case, whether under the humanitarian rule or otherwise, and since the

record is totally devoid of any evidence that appellant's car was ever on that side of the street and she disproved that fact by the deposition, she failed to make out a case for the jury. No evidence offered by appellant aided her on the point. The demurrer should have been sustained.

Reversed and remanded with directions to enter judgment for defendant. Campbell, C., concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment of the circuit court is reversed and remanded with directions to enter judgment for defendant. All concur.