JAMES McHARGUE ET AL., RESPONDENTS, v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—127 S. W. (2d) 77.

Kansas City Court of Appeals.   April 3, 1939.

*Hadley J. Alley* for respondents (no brief).

*Roy McKittrick*, Attorney-General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney-General, for appellant.

SPERRY, C.—This is an appeal by the State Social Security Commission, which will be referred to herein as defendant, from a ruling by the circuit court ordering James McHargue and Rachel McHargue, husband and wife, whom we will refer to as plaintiffs, placed on the old age pension rolls. Originally there was a case pending in the circuit court for each of the plaintiffs but by agreement of the parties such cases were consolidated.

Defendant assigns, briefs and presents but one proposition here, to-wit: That there is no substantial evidence which could support a finding that the property owned by plaintiffs was worth less than $2000. This was the only question involved in the trial court, and it was resolved in favor of plaintiffs.

Plaintiffs' property consisted of eighty acres of land, where they lived, an undivided one-fourth interest in a forty-one acre tract, and personal property apparently of the agreed value of $170. They owed a mortgage debt of $200 on the eighty acre tract.

The tax records, introduced by plaintiffs, showed the eighty acres to be valued at $1850, the forty-one acre tract was valued therein at the sum of $2187. According to the tax records the net value of the real estate was $1962.50. Adding the value of personalty thereto, the net value would be $2132.50. According to this evidence plaintiffs were not entitled to the relief prayed.

But plaintiffs were not foreclosed by the above evidence, even though they did introduce it, because they introduced other evidence on the same point. [Raw v. Maddox, 93 S. W. (2d) 282, l. c. 284: Rodan v. St. Louis Transit Company, 207 Mo. 392.] Plaintiff James McHargue testified that the net value of the real estate owned by him was less than $1000, witness Lindsey, who was township clerk and assessor, testified for plaintiffs that the value of plaintiffs' real estate, exclusive of liens, was about $1100, witness Alley, county clerk of Mercer county, testified for plaintiffs, and placed the value of the eighty acre tract at $1000, or at a net value of $800. These witnesses were all qualified to testify as to real estate values in that community.

Defendant introduced the testimony of two witnesses, one being the land agent of an insurance company, and the other being engaged in that community in real estate, loan and insurance business. Their testimony was identical, and was to the effect that the real estate.

owned by plaintiffs was worth, net, $2157, which if true, bars plaintiff's claim.

Unless we are to hold that the testimony of plaintiff, the township clerk and assessor, and the county clerk is entitled to no probative value, or that it does not constitute any substantial evidence of the value of plaintiffs' property, we must sustain the judgment of the trial court. It is the position of defendant that such evidence does not constitute substantial evidence upon which to rest the judgment. We think that, had the evidence offered by plaintiffs' been the only evidence offered in the trial, it would have been sufficient for the trial court to have found in favor of plaintiffs.

We are not asked to exercise equity power and weigh the evidence, nor to resolve the conflict between the witnesses. We are urged to reverse the judgment for the sole reason that there was not sufficient substantial evidence upon which it can rest. This we may not do in view of the record here presented.

The judgment should be affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.