Lloyd F. SISK, a Minor, by his duly appointed Guardians, Virgil L. Sisk and Mary Jo Sisk, Plaintiff-Respondent,

v.

Richard Dean DRIGGERS and Susie Irene Butler, Defendants-Appellants.

No. 23471.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Gayles R. Pine, Betty Pine Lockard and Pine, Welling, Jones & Lockard, Warrensburg, Crouch, Crouch, Spangler & Douglas, Harrisonville, for appellant Richard Dean Driggers.

Ray L. Shubert, Harrisonville, Wesner, Wesner & Meyer, Sedalia, for appellant Susie Irene Butler.

Hensley, Rahm & Braton, Warrensburg John C. Milholland, A. J. Anderson, Harrisonville, for respondent.

BROADDUS, Judge.

This is an action for damages for personal injuries. Plaintiff recovered a verdict and judgment for $7500 against defendants Driggers and Butler from which they have appealed.

Defendants do not contend that plaintiff did not make a submissible case. Thus a brief statement of the facts will be sufficient to present the issues involved.

This action arises out of a motor vehicle collision which occurred about 4:30 p. m. on October 2, 1959, on U. S. Highway 50 in Johnson County, Missouri, at about 1.8 miles west of Pittsville. Highway 50 generally runs east and west and at the place of the collision is intersected by a north-south gravel road. Highway 50 is a two-lane blacktop highway with one east-bound and one west-bound lane and is approximately 22 feet wide. The intersection where the collision occurred is at or near the bottom of a valley or low place between two hills or grades so that vehicles approaching the intersection traveling either east or west are moving down grade. There are no curves in Highway 50 in the immediate vicinity of the scene of the collision.

It was daylight and cloudy at the time of the collision. It had been raining and the surface of Highway 50 was wet and slick.

Four automobiles were involved in the collision, to-wit: A Plymouth coach being operated by Virgil Sisk, plaintiff's father, a Ford Convertible being operated by defendant Driggers, a DeSoto Sedan being operated by defendant Butler, and a Ford Station Wagon being operated by defendant John Christopher. Plaintiff, Lloyd Sisk, then 9 years of age, was a passenger in his father's car.

At the time in question, plaintiff's father had stopped his westbound car in the westbound lane of the highway at the foot of the hill, waiting for eastbound traffic to pass so he could make his left turn across the eastbound lane. All parties agree that Sisk was signalling his intention to turn as he waited there. The crest of the

hill behind Sisk's stopped signalling automobile was approximately 1500 to 2000 feet to the east and the visibility was good.

As defendants Driggers and Butler approached the scene westbound, Driggers overtook and passed the Butler car east of the crest of the hill. When Driggers got to the crest of the hill he could see the Sisk car stopped on the pavement 1500 to 2000 feet ahead of him signalling for a left turn. When defendant Butler came over the crest, Driggers was already more than one-half way down the hill.

As Driggers approached the stopped Sisk car he slowed his own car down to 30 miles per hour, then turned off the pavement onto the shoulder where his car skidded and hit a culvert which threw him back on the road into collision with the Sisk car.

Defendant Butler came over the crest of the hill, saw Driggers ahead and down the hill closer to the intersection than to her, drove down the hill at a speed she and her husband say was 50 miles per hour. Virgil Sisk said it was 60 to 70 miles per hour. The Butlers continued down the hill, talking, until their car was about the length of the court room from the Sisk and Driggers cars when defendant Butler applied her brakes. Her car skidded and crashed into the rear of the Sisk car knocking the latter across the center line into collision with defendant Christopher's eastbound station wagon.

Sergeant Ernest W. Van Winkle, the investigating officer of the Highway Patrol was an eye-witness to the last part of the four-car collision and arrived at the scene almost immediately thereafter. He measured and identified the various skid marks made by the vehicles at the scene.

The jury's verdict was in favor of the defendant Christopher.

Defendant Butler's first point is that the court erred in excluding the testimony offered from the deposition of the witness Curtis to the effect that so far as she was able to determine there were no injuries resulting from the collision other than to defendant Butler and her passenger. Defendants do not dispute the fact that plaintiff was injured, nor do they claim that the verdict was excessive. In view of that situation defendant Butler's counsel frankly conceded in the oral argument that the point is not well taken.

■. For her point II defendant Butler contends that the court erred in overruling her motion to strike the testimony of the witness Van Winkle wherein in response to defendant Christopher's counsel the court permitted the witness to relate the statement made to him by Christopher as to how the accident happened. Defendant made no objection on the ground that the testimony was hearsay as she now complains to this court. Thus the question is not preserved for determination here.

■ Defendant Butler in her third assignment asserts that it was error to give at plaintiff's request Instruction No. 2, which is as follows:

"You are instructed that if you find and believe from the evidence that at the time and place mentioned in evidence that plaintiff, Lloyd F. Sisk, was riding in his father's westbound Plymouth automobile where it was stopped in the westbound lane of Highway 50, at or near the intersection mentioned in evidence with its electric turn signal flashing for a left turn, if so, and that thereafter, while said Plymouth remained stopped that defendant Susie Irene Butler drove her westbound De-Soto automobile over the crest of the hill east of the intersection and that she negligently allowed said DeSoto to overtake and collide with the rear of the Plymouth in which plaintiff was riding, if so, and if you further find that such negligence on the part of Defendant Butler, if any, directly and proximately caused, or combined, concurred and contributed with the negligence,

if any, of one or both of the other defendants to directly and proximately cause plaintiff to be injured, if so, then your verdict shall be in favor of the plaintiff, Lloyd F. Sisk, and against Defendant Susie Irene Butler."

Plaintiff justifies the giving of this instruction under the so-called "rear end collision doctrine" enunciated in the much cited case of Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914. We agree with the view taken by plaintiff.

◼ As his first point which he sets forth in subdivisions A, B, C and D defendant Driggers contends that it was error to give Instruction No. I. This was plaintiff's main verdict directing instruction against Driggers. His chief attack on the instruction is that it failed to require a finding that a collision occurred between his automobile and the Sisk car. That fact was never in dispute. It is not error to omit conceded facts from an instruction. Wyckoff v. Davis, 297 S.W.2d 490, 496, Mo.Sup.

Under "B" he contends that the instruction failed to require a finding that plaintiff was injured as a result of collision caused by Driggers' negligence. Contrary to defendant's assertion, the closing paragraph of the instruction requires such finding.

◼ Under "C" he asserts that the instruction did not hypothesize facts which constituted actionable negligence on his part. Plaintiff's theory of recovery against Driggers was that he violated a legislative standard of conduct, to-wit: that set forth in Sect. 304.016 V.A.M.S. as follows:

"2. The driver of a motor vehicle may overtake and pass to the right of another vehicle only under the following conditions:

"(1) When the vehicle overtaken is making or about to make a left turn. * * *

"(5) The driver of a motor vehicle may overtake and pass another vehicle upon the right only under the foregoing conditions when such movement may be made in safety. *In no event shall such movement be made by driving off the paved or main traveled portion of the roadway.*" (Emphasis ours.)

◼ The instruction required a finding that defendant "saw the westbound Plymouth in which plaintiff was riding where it was stopped, at or near said intersection, with its electric turn signals flashing for a left turn, if so, and you find that defendant Driggers continued to approach and overtake the Plymouth from the rear and thereupon drove the Ford convertible off the paved or main traveled portion of the roadway and thereby passed the Plymouth on the right, if so, then you are instructed that defendant Driggers was negligent." Thus it clearly appears that the contention lacks merit. Under "D" he says that the instruction "ignored plaintiff's theory of the case that the collision of the Driggers automobile and the Sisk automobile proximately caused plaintiff's injury." Plaintiff's theory against defendant Driggers was that the negligence of the latter caused or contributed to cause plaintiff's injuries. The instruction required that finding and under the decisions was correct. Levins v. Vigne, 339 Mo. 660, 98 S.W.2d 737, 741; Matthews v. Mound City Cab Co., 205 S.W.2d 243, 249, 250, Mo.App.

Defendant Driggers in his Point II and defendant Butler in her Point IV attack Instruction No. 5 given on behalf of plaintiff. A similar instruction was before our Supreme Court in the case of Rothweiler v. St. Louis Public Service Co., Mo., 234 S.W.2d 552, and before this court in Morris v. Alexander, Mo.App., 275 S.W.2d 373.

The criticism and suggestions in the Rothweiler opinion were heeded and followed in the drafting of Instruction 5. It does not contain the "no matter how great" description of defendants' negligence which that opinion criticized, 234 S.W.2d l. c. 555. The portion of the instruction in that case which

was held to be reversible for the evil of shifting the burden of proof:.

"  *  *  *  and before you can render a verdict in favor of any one defendant, *you must find and believe* from the evidence that said defendant was not negligent or that his negligence, if any, did not contribute to cause plaintiff's injury." (l. c. 555, emphasis added.)

does not appear in Instruction 5. As this court recognized in its Morris opinion, the instruction with those vices removed constitutes a judicially approved form of instruction.

■ Defendant Driggers in his Point III contends that Instruction No. 7 was erroneous. It reads as follows:

"You are instructed in considering the testimony of any witness you should use your common sense, reason and judgment so that if you find that the testimony of any witness as to the facts surrounding the collision is in conflict with physical facts, then you may take into consideration such conflict in determining what weight will be given to the testimony of such witness or witnesses so conflicting."

A similar instruction met with approval of our Supreme Court in the case of Roush v. Alkire Truck Lines, 245 S.W.2d 8, 12, 13.

Defendant Driggers claims it was error to give Instructions 14 and 15 on behalf of defendant Butler. And defendant Butler says it was error to give Instruction 9 on behalf of Driggers. Numbers 9 and 14 were sole cause instructions. Instruction 15 directed a verdict for defendant Butler in the event the jury found that she was not guilty of any negligence.

■■ A study of the transcript has convinced us that if there was any error in these instructions the error was harmless. Both defendants were clearly negligent and the verdict was for the right party. Defendant Driggers was negligent as a matter of law. And defendant Butler was negligent in her lookout. As she put on her brakes in response to. "some confusion" ahead she didn't realize what was happening; she didn't know whether the Sisk car was moving or stopped; she didn't know she hit the Sisk car but thought someone had hit her from the side; there was evidence that the Drigger vehicle was more than half of the 1500 to 2000 feet from the crest of the hill ahead of her when she started down the hill from the crest, and she closed the distance at (she said) 50 miles per hour, down hill on wet blacktop pavement to a distance the length of the court room or a little more *before* she ever took any step to slow her car. Many decisions hold that where the verdict is for the right party no instruction should be held to be reversibly erroneous. Among those cases are Green v. Boothe, 239 Mo.App. 73, 188 S.W. 2d 84; Raw v. Maddox, 230 Mo.App. 515, 93 S.W.2d 282; Crosby v. St. Louis County Cab Co., 320 S.W.2d 944, Mo.App.

The judgment is affirmed. All concur.