OMER O. BONNEY, Respondent, v. DIAMOND WOOD HEEL MANUFACTURING COMPANY, a corporation, Appellant.*

St. Louis Court of Appeals. Opinion Filed November 5, 1924.

1. **MASTER AND SERVANT: Servant Injured: Dangerous and Unguarded Machinery: Statutes: Duty of Master to Guard Circular Ripsaw.** Under section 6786, Revised Statutes 1919, held that a circular ripsaw, operated by defendant, a manufacturing company, fell within the effect of the statute, and that it was the duty of defendant, in the exercise of reasonable care, to place a guard on a swinging guage, between it and the saw, so that the saw would have been effectually guarded, where it appears from the evidence, that the saw could have been thus safely and securely guarded without interfering with its practical operation.

2. **EVIDENCE: Master and Servant: Answer: Admissions: Foreman Pointing Out Saw Upon Which Servant was Injured: Not Prejudicial.** Where defendant's answer admitted that plaintiff's injuries, if any, were caused by its revolving saw, testimony of a witness that defendant's foreman pointed out to him the saw upon which plaintiff was injured, was not prejudicial to defendant.

3. ——: ——: **Photographs: Ripsaw and Model: Connecting up Model and Saw and Condition Thereof: Evidence Sufficient.** Evidence of the condition of a saw, pointed out to an expert witness by defendant's foreman as being the saw upon which plaintiff was injured, and that a model of the saw shown to the jury was identically the same as the saw operated by plaintiff at the time he received his injuries, and that a photograph introduced in evidence and identified at the trial, pictured the saw in the same contion that it was at the time of the accident, *held* in view of the evidence adduced, plaintiff did not fail to connect up the evidence admitted by the court as to the model and the saw and the condition thereof.

*(1) Master & Servant, 26 Cyc, p. 1134; (2) Appeals & Errors, 4 C. J., Section 2958; (3) Witnesses, 40 Cyc, p. 2416;

Bonney v. Diamond Wood Heel Mfg. Co.

4. **MASTER AND SERVANT:** Servant Injured: Dangerous and Unguarded Machinery: Negligence: Failure of Master to Guard Circular Ripsaw: Liability.   Where there was competent evidence tending to prove that a saw upon which the plaintiff was injured, was not safely and securely guarded, as required by section 6786, Revised Statutes 1919, and that it could have been safely and securely guarded without interfering with its practical operation, a demurrer to the evidence was properly refused by the trial court.

5. ————: ————: ————: ————: Instructions: Guage Component Part of Saw: Instruction Requiring Finding That Saw and Guage Could have been Securely Guarded Without Impairing Efficient Operation of Saw: Not Erroneous.   An instruction requiring a finding that a circular ripsaw and guage, in the operation of which plaintiff was injured, could have been securely guarded without impairing the efficient operation of the saw, *held* not erroneous in not requiring a finding that it was possible to safely and securely guard the saw and guage without impairing the efficient operation of the guage, since the term "efficient operation of the saw" used in the instruction, necessarily included the guage which was a component part of the saw.

6. **DAMAGES:** Measure of Damages: Instructions: Instruction Not Limiting Plaintiff's Damages to Reasonable Compensation for Injuries: Not Reversible Error.   An instruction on the measure of damages not limiting the plaintiff's damages to a reasonable compensation for his injuries, *held*, not reversible error.

(4) Master & Servant, 26 Cyc, p. 1463; (5) Master & Servant, 26 Cyc, p. 1497; (6) Appeals & Errors, 4 C. J., Section 3027.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Franklin Miller*, Judge.

AFFIRMED.

*Charles E. Morrow* for appellant.

(1) The declarations, statements and acts of the defendant's foreman were inadmissible against the defendant, for it was not shown that he was engaged in transacting the business of the defendant or a part of the *res gestae*.   Adams v. Railroad, 74 Mo. 553;  Kelley v. Railroad, 88 Mo. 534;  Barker v. Railroad, 126 Mo.

143; Koenig v. Railroad, 173 Mo. 698; Cross v. Coal Co., 186 S. W. 528. (2) The plaintiff failed to connect up the evidence admitted by the court as to the model and the saw and the condition thereof, as testified to by the witness. This is reversible error notwithstanding the promise may have been made in good faith. Smith v. Sedalia, 182 Mo. 1; Bruhin v. Casualty Co.; 202 S. W. 422; Root v. Railway Co., 195 Mo. 348. (3) There being no competent evidence tending to prove that the saw upon which the plaintiff was injured was not safely and securely guarded, or that it could have been safely and securely guarded without interfering with its practical operation, the demurrer to the evidence should have been given. R. S. 1919, sec. 6786. (4) Plaintiff's Instruction No. 1 as modified and given by the court is erroneous. (a) The mechanical feed or gauge was not dangerous and the statute does not require the same to be guarded. R. S. 1919, sec. 6786; McIntosh v. Saw Mill Phoenix, 49 Wash. 152. (b) Said instruction does not require the jury to find that it was possible to safely and securely guard the saw and gauge without impairing the efficient operation of the gauge, but only required the jury to find that the saw and gauge could have been safely and securely guarded without impairing the efficient operation of the saw. If the guarding statute also covers the mechanical feed or the gauge, it was necessary for the jury to find that it also could have been safely and securely guarded without interfering with its practical operation. R. S. 1919, sec. 6786; Bair v. Heibel, 103 Mo. App. 621; Morgan v. Mfg. Co., 120 Mo. App. 590. (5) The mechanical feed or gauge was not dangerous to the plaintiff while engaged in his ordinary duties and was not required to be guarded by the statute. R. S. 1919, sec. 6786. It was the saw itself which was dangerous and the statute does not apply to the mechanical feed or gauge. McIntosh v. Saw Mill Phoenix, 49 Wash. 152. (6) For the reasons assigned in the preceding points the court erred in modifying

defendant's instructions to include the gauge of the saw and also erred in refusing to give defendant's instruction No. 15, to the effect that the statute did not require the defendant to guard the gauge of the saw. (7) The plaintiff's instruction on the measure of damages is erroneous. It does not limit the plaintiff's damages to a reasonable compensation for his injuries and does not announce the correct rule of plaintiff's measure of damages. Simmons v. Murray, 234 S. W. 1009.

*John C. Robertson* and *A. L. Wackwitz* for respondent.

(1) The declarations, statements and acts of defendant's foreman were admissible. Johnson & Co. v. Ice & Refrigerating Co., 143 Mo. App. 441. (2) Plaintiff fully connected up the evidence by plaintiff's Exhibit B and E. Hunt v. City of St. Louis, 278 Mo. 213; Riggs v. Railroad Co., 216 Mo. 304; Lauf v. Carpet Co., 186 Mo. App. 123; Davison v. Railroad, 164 Mo. App. 711; 1 Wigmore on Evidence, par. 792. (3) The evidence offered by plaintiff as to the guarding of the saw and gauge was competent. Probst v. St. Louis Basket & Box Co., 200 Mo. App. 568, judgment affirmed in Probst, supra, 224 S. W. 401; R. S. 1919, sec. 6786. (4) The mechanical feed or gauge was dangerous and was a part of the machine and should have been guarded. R. S. 1919, sec. 6786; Lore v. Mfg. Co., 160 Mo. 608; Colliot v. Mfg. Co., 71 Mo. App. 163; Tomlinson v. Marshall, 208 Mo. App. 381; Nadau v. White River Lumber Co., 76 Wis. 120; 3 Labatt's Master & Servant, sec. 975. (5) The mechanical feed or gauge was dangerous to the plaintiff while engaged in his ordinary duties, and comes clearly within the purview of the statute. R. S. 1919, sec. 6786; Lore v. Mfg. Co., 160 Mo. 608; Nadau v. Lumber Co., 76 Wis. 120. (6) The plaintiff's instruction on the measure of damages is correct and did not mislead the jury. Price v.

Metropolitan St. Ry. Co., 220 Mo. 462; Shinn v. Railroad, 248 Mo. 180; Jablonowski v. Modern Carpet Co., 251 S. W. 477. (7) The verdict of the jury was not excessive. Warren v. Curtis Mfg. Co., 234 S. W. 1029.

BRUERE, C.—Plaintiff, respondent here, while employed in defendant's plant cut his hand on a circular rip saw, on which he was working, and brought this action to recover damages therefor.

On the trial the jury returned a verdict in his favor, assessing his damages in the sum of one thousand dollars. From the judgment entered on the verdict the defendant has appealed.

The negligence charged in the petition, and upon which the cause was submitted to the jury is as follows:

"That the defendant was negligent in that it failed to properly guard or to guard in any way whatever, the said saw and gauge and parts thereof, where the plaintiff was required to work and where and at which plaintiff was working at the time he was injured, which saw and gauge and parts thereof, were then and there dangerous to the plaintiff while he was engaged in his ordinary duties as such employee, and when on said day and time it was possible for defendant to safely guard said saw and gauge and parts thereof, and that the failure of the defendant to install and maintain a proper guard for said saw and gauge and parts thereof, was in direct contravention of the provisions of section 6786 of the Revised Statutes of Missouri 1919."

The answer was a general denial, a plea of contributory negligence and a plea of assumption of risk.

At the close of plaintiff's case the defendant offered a peremptory instruction in the nature of a demurrer to the evidence, which the court refused to give. The defendant stood on its demurrer and offered no testimony.

The errors urged here relate to the action of the court in refusing to direct a verdict for the defendant,

in giving and refusing instructions, and in admitting testimony over defendant's objections.

Briefly summarized the facts disclosed by the record are: At the time of plaintiff's injury, the defendant, a corporation, was engaged in the manufacture of wood shoe heels, and in connection with said manufacture was operating a certain circular rip saw in its plant in the city of St. Louis, Missouri. This saw was about twelve inches in diameter and was fastened to a revolving and electric power driven shaft, the bearings of which rested on a wooden base. In front of the saw there was an iron gauge or mechanical feed, which was used for the purpose of gauging the exact length to be cut off each shoe heel sawed. This gauge consisted of an iron shaft to which was fastened an upright arm or plate. The shaft ran at right angles with the saw and its bearings also rested on the wooden base. Near the top of the iron arm, and mounted to the left of the saw, was an adjustable slot in which the heel to be sawed was placed. In operating the gauge the operator stood in front of the saw, which revolved towards him, held the heel in the slot with his left hand, by placing his fingers around the heel and upright arm of the gauge, and pushed the gauge and heel towards the saw. There was a weight attached to the bottom of the iron arm which caused the gauge to automatically assume its perpendicular position after the heel was sawed. On the back of the saw there was fastened a sheet iron hood, which came around and conformed with the saw up to about the center of the saw. The front part and right side of the hood came a little in advance of the center, but on the left side the hood was cut away, beyond the center, to admit the heel and gauge to slide past the cutting edge of the saw. The hood was so placed as to cover about one-fourth of the cutting surface of the saw. The space between the top of the hood and the top of the heel, when placed against the saw, was about seven or eight inches. There was no guard on the gauge or mechanical feed.

The uncontradicted evidence further showed that the bottom of the sheet iron hood, which was fastened over the top of the saw, was from six to seven inches away from the point of operation on the saw; that, as a safeguard to the operator of the saw, it was customary to guard the saw so that there was just enough of the cutting surface of the saw exposed to take care of the work required to be cut; that the saw in question was not so guarded; and that the said sheet iron hood, as constructed and placed over the saw, was purely a saw-dust guard to keep sawdust from flying in the operator's eyes.

The uncontradicted evidence further shows that the saw could have been effectively and practically guarded against an accident similar to the one causing the injury to the plaintiff; and that a guard could have been placed between the gauge and the saw without interfering with the free and effective operation of the saw. Testimony was given that a small piece of sheet iron could have been put on the upright arm of the gauge, between the slot and the saw, with an opening in it to permit the heel to go into the slot, and that such a guard thus placed between the operator's hand (while it was holding the heel in place and pushing it into the saw) and the saw would afford absolute protection against the operator's hand being cut by the saw while so operating the gauge.

Regarding the manner in which the accident occurred, plaintiff testified as follows:

"I had my work in this here box, and I placed the heel upon this gauge, and when I pushed the heel into the saw, which I always do, this here heel, when this here heel touched the saw, there was something the matter with the heel, and it hit the saw and buckled, wedged in between the saw and expanded the saw between the gauge and saw, and the heel busted and threw my hand into the saw. I had to have my left thumb over the heel, on the gauge. My left hand was upon the gauge where I was supposed to hold the heel, and my other hand fed the heels to the gauge, taking one up at a time."

When I would put the heel on the gauge, I would clasp it like this with my thumb and left hand, and hold it there. I would push it into the saw, and bring it back and let it drop and put in another one like that and put it into the saw. . . . I pushed the gauge towards the saw and when the heel touched the saw it buckled and wedged between the gauge and the saw, as it was done so quick it drew my hand into the saw. It was done at the instant—it was done so instantly that I didn't know how it was really done. It was wedged and blocked—I had hold of the gauge with my left hand. I had hold of the heel and the gauge. The palm of my left hand was on the left hand side and outside of the gauge. My thumb was over the heel. My thumb was pressed down on the heel to hold it in."

At the trial counsel for the defendant objected to the evidence tending to show that the gauge of the saw was not guarded, this on the ground that the statutes of this State do not require said gauge to be guarded. The trial court overruled said objection and counsel now contend that said action of the court constitutes reversible error. We cannot bring ourselves to subscribe to this contention. The particular provision of section 6786 of the Revised Statutes of Missouri 1919, upon which plaintiff bases his cause of action is:

"The belting, shafting, machine, machinery, gearing and drums in all manufacturing, mechanical and other establishments in this State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible."

It is evident that the saw in question fell within the effect of the statute. To comply with the statutory mandate it was defendant's duty to exercise reasonable prudence and care to *safely and securely* guard the saw against possible injuries to its employees, and to that end to adopt such a guard as reasonable prudence, observation and care would suggest and dictate.

216 M. A.—4

Owing to the peculiar construction of the swinging gauge and the manner in which it was operated, the saw could not have been safely and securely guarded, as required by the statutory mandate, unless there was a guard between it and the gauge. It also appears from the evidence that the saw could have been thus safely and securely guarded without interfering with its practical operation. It seems plain, therefore, that the exercise of reasonable prudence and care on the part of the officers and agents of the defendant company would have suggested to them to place a guard between the gauge and the saw. It further appears that such a guard, in order not to interfere with the effective operation of the saw and the gauge, would have to be placed on the gauge. The evidence, therefore, that a proper guard could have been placed on the gauge, between it and the saw, so that the saw would have been effectively and practically guarded was properly admitted by the trial court.

At the trial Mr. Ross testified for the plaintiff, as an expert on guarding machinery, and described the condition and character of a certain saw which he saw and examined in defendant's plant and which he said was pointed out to him by defendant's foreman as being the saw upon which the plaintiff was injured. Said witness made a model of said saw, which was shown to the jury, and which he testified was identically the same as the gauge and saw pointed out to him by defendant's foreman, with the exception it did not have an adjustable screen on the back of the gauge to hold the top piece at the proper angle. The defendant objected to said testimony of the witness Ross on the ground, first that said foreman had no authority to bind the defendant by his said act, and that it was not shown that the saw, examined and described by the witness, was the same saw upon which plaintiff was injured, or in the same condition as at the time of the accident. Counsel for plaintiff then stated to the court that he expected to show that the condition of the machine remained unchanged

from the time of the accident to the time of the examination. The objection was then overruled.

Counsel contend, first, that the said act of the defendant's foreman was inadmissible against the defendant, and, second, that the plaintiff failed to connect up the evidence admitted by the court as to the model and the saw and the condition thereof, as testified to by the witness.

Addressing ourselves to the first contention, in view of the fact that the defendant in its answer admitted that plaintiff's injuries, if any, were caused by its revolving saw, the simple act of the foreman in pointing out the saw upon which the plaintiff was injured was not prejudicial to the defendant.

As to the second contention, the plaintiff introduced a witness, Charles S. Norman, who testified that he saw Mr. Ross examine the saw described by him, and that he took a true photograph of it at said time. Said photograph was introduced in evidence, and identified, at the trial, by the plaintiff, as a true photograph of the saw upon which he was injured. Plaintiff also testified that the photograph pictured the saw in the same condition that it was at the time of the accident. Plaintiff further testified that the model of the saw, shown to the jury, was identically the same as the saw operated by him at the time he received his said injuries. In view of the above evidence, we hold that the plaintiff did not fail to connect up the evidence admitted by the court as to the model and the saw and the condition thereof, as testified to by the witness.

There being competent evidence tending to prove that the saw, upon which the plaintiff was injured, was not safely and securely guarded, and that it could have been safely and securely guarded without interfering with its practical operation, the demurrer to the evidence was properly refused by the trial court.

As to the errors urged here in giving and refusing instructions, learned counsel for the defendant contend that the mechanical feed or gauge was not dangerous

and that the statute does not require the same to be guarded; that, therefore, the court erred in refusing to give defendant's instructions to the effect that the statute did not require the defendant to guard the gauge of the saw, and that the court erred in modifying defendant's instructions to include the gauge of the saw. In view of what has been said we hold that the said action of the court was proper.

It is further contended that if the guarding statute also covers the mechanical feed or gauge then plaintiff's instruction No. 1, is erroneous for the reason that it does not require the jury to find that it was possible to safely and securely guard the saw and the gauge without impairing the efficient operation of the gauge, but only requires the jury to find that the saw and gauge could have been securely guarded without impairing the efficient operation of the saw. The terms "efficient operation of the saw," used in the instruction, necessarily included the gauge which was a component part of the saw. We hold the contention is not well taken.

Complaint is made against plaintiff's instruction on the measure of damages, upon the ground that it does not limit the plaintiff's damages to a reasonable compensation for his injuries. Said instruction is similar to the instruction given in the case of Jablonowski v. Modern Cap Mfg. Co., 251 S. W. 477, decided by this court. In that case the instruction was attacked on the same ground urged here. On the authority of the Jablonowski Case we rule the point against the defendant.

It follows that the judgment herein should be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.