THE STATE EX REL. MISSOURI PACIFIC RAILROAD COMPANY V. WILLARD
P. HALL, Judge of Circuit Court of Jackson County, and JOHN
J. MURPHY, By His Next Friend, TERRANCE W. IMES.—27 S.
W. (2d) 1027.

Court en Banc, May 15, 1930.

*Edward J. White* and *Hackney & Welch* for relator.

*Atwood, Wickersham, Hill & Chilcott* for respondents.

GANTT, J.—Relator seeks to prohibit the enforcement of an order of the Circuit Court of Jackson County, in the case of John J. Murphy, by next friend Terrance W. Imes, v. Missouri Pacific Railroad Company. Our provisional rule was granted, and respondents demur to the petition "for the reason that no ground is properly alleged for the granting of the writ of prohibition."

The facts summarized from the petition follow:

John J. Murphy, twelve years of age, claims that on August 3, 1926, he suffered injuries by being forced to jump from a moving car by the employees of relator. August 9, 1926, the claim

agent of relator procured from Murphy a written statement of the facts leading to and causing his injuries. February 3, 1927, Murphy brought suit by next friend in said circuit court at Independence, charging his injuries to negligence and willfulness of employees of relator, who at the time were in control of the moving car. July 16, 1928, depositions of the claim agent and others were taken by Murphy, from which it appeared that shortly after he was injured, the employees in control of the moving car made written reports to relator of the occurrences leading to the injuries. Thereafter, Murphy petitioned the court for an order requiring relator to produce for his inspection said reports of the employees and his written statement to the claim agent, and that he be permitted to make photographic copies of said reports and statement. The court granted the petition and made the order. Thereupon, relator petitioned this court for relief, contending the order is in excess of jurisdiction.

Respondents contend the order is authorized by State v. Tippett, 317 Mo. 319, l. c. 326, 296 S. W. 132, l. c. 135. In that case it was charged that an automobile driven by the defendant collided with one Fitzpatrick, and that defendant left the scene of the occurrence without giving the information required by law. In the course of the opinion we said:

"Sometime after his arrest, Tucker, contemplated witness for the State, gave the prosecuting attorney a written statement relative to the accident. Defendant filed a motion to inspect the statement, which the court denied. The contemplated use was then disclaimed by the prosecuting attorney, nor was it used in the trial. The motion goes no further than requesting a rule on the prosecuting attorney to examine a written statement given him by Tucker relative to the accident and then in his possession. This was a document, and, provided it tended to impeach Tucker, was admissible on the part of defendant for that purpose. The general rule denying the inspection of documents in the hands of an adverse party has been greatly relaxed in modern cases. In civil cases an inspection of documents in the hands of opposing parties, such as papers, contracts, and corporation records, upon motion, have been allowed. The cases seem to hold that it is a matter of indifference whether the document to be examined may be of actual benefit to the party filing the motion to inspect. If from the motion the document may be material, the right of inspection obtains. In the instant case the request for inspection relates to a statement given by Tucker relative to Fitzpatrick losing his life on State Highway No. 25, north of Bernie. The motion then shows that the statement may be material. We are unable to perceive why the privilege should not obtain in a criminal case, although we have been unable to find an authority in point. However, State ex rel. v. Woods (Mo. Sup.), 292 S. W. 1033, a civil case, has a bearing on the question.

The prosecuting attorney is both an officer of the State and of the court, and his duty extends no further than an impartial, fair, and just trial of defendant. If Tucker's statement comprised the truth, it would have availed defendant nothing in the inspection of it. If in any manner it tended to show that defendant was not guilty of the offense charged, he was entitled to the benefit of it. That it was desired that the State's evidence remain undisclosed, partakes of the nature of a game, rather than judicial procedure. The State in its might and power ought to be and is too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense and in availing himself of all competent material and relevant evidence that tends to throw light on the subject-matter on trial. Inasmuch as we reverse the judgment and remand the cause on another point, it is unnecessary to decide whether the ruling of the trial court on the record constituted prejudicial error. But we do hold that the right to inspect the statement obtained.''

The only authorities we have found tending to support this pronouncement follow: Sprinkle v. State, 102 So. (Miss.) 844; Chesapeake & O. Ry. Co. v. Swartz, 80 S. E. (Va.) 568, l. c. 571.

On the other hand, in State v. Fitzgerald, 130 Mo. 407, l. c. 424, 32 S. W. 1113, the trial court overruled a motion, filed before the taking of testimony, to compel the prosecuting attorney to produce in court a written statement of the defendant relative to his connection with the homicide, and in ruling the question, we said:

''No reason has been assigned wherein there was error in overruling this motion. It is true that it is said the statement was necessary and material to the defendant in the preparation and proper presentation of his defense, but as to wherein or how material we are left to conjecture.

''Nor has it been made apparent to us why it was necessary, for the purpose claimed by defendant.

''Moreover, it was the evidence of the State, and if defendant's contention be correct, he could, for like reason and upon the same principle, have asked the court to require the State to produce its witnesses before his counsel for their examination in regard to their knowledge of the case, that he might thereby be better prepared to make his defense, something for which no lawyer would contend. At most, it was a matter resting in the discretion of the court, and it did not act unwisely in overruling the motion.''

Furthermore, the courts of the country have decided the question contrary to the pronouncement in the Tippett case. This is indicated by decisions in other jurisdictions which follow: People ex rel. Lemon, Dist. Atty., v. Supreme Court of State of New York et al., 156 N. E. 84; State v. Hall, 175 Pac. 267; State v. Yee Guck, 195 Pac. 363, l. c. 365; Taylor v. State, 221 S. W. 611, l. c. 614; Tinker v. State, 253 S. W. 531, l. c. 532; Davis v. State,

270 S. W.. 1022; State v. Bankston, 116 So. 565, l. c. 566; Currie v. State, 279 S. W. 834, l. c. 836; Santry v. State, 30 N. W. 226.

We correctly stated the rule in the Fitzgerald case, and the pronouncement on the question in the Tippett case is overruled.

We next consider the question as presented in this proceeding. In State ex rel. v. Broaddus, 245 Mo. 123, l. c. 141, 149 S. W. 473, we held that a party on the taking of his deposition could not be compelled to disclose names of witnesses ascertained by investigation subsequent to the injury of plaintiff. From this it would seem that a litigant could not be compelled by an order of court to disclose the facts as reported to him by witnesses to the occurrence.

However, the statute having superseded bills of discovery (Bond v. Worley, 26 Mo. 253), authority for the order must be found in Section 1378, Revised Statutes 1919, which follows:

"The court before which an action is pending, or a judge thereof, in vacation, may, in his discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, or to make a photograph of a paper in his possession or under his control, containing evidence relating to the merits of the action or defense therein. If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing as for contempt, or both."

The party proceeding under the statute has the burden of showing some basis for an inference that the paper contains material evidence. [State ex rel. v. Trimble, 254 Mo. 542, l. c. 553, 163 S. W. 860.] Did respondent Murphy's petition for the order tend to show any such basis? We do not think so. The statements were made subsequent to the occurrence, are hearsay and not admissible in evidence. [State ex rel. v. Wood, 316 Mo. 1032, l. c. 1040, 292 S. W. 1033.] In this situation respondents are reduced to the contention that in the course of the trial the statements may be available for impeachment. This possibility will not sustain the order. The lawmakers intended no such use of the statute. The power granted it for litigants who, in good faith, seek material evidence by showing some basis for a belief that the adversary party is in possession of papers subject to inspection and containing such evidence. The statement made by respondent Murphy to the claim agent would not be used by him for impeachment, and the employees of relator may not be called as witnesses. The proceeding for the order is an effort to pry into the preparation of the defendant for trial. This is condemned by all of the authorities. [10 R. C. L. 1091.] In preparing for trial, the plaintiff and defendant have the right to interview persons acquainted with the facts. If an interview is refused, depositions may be taken.

Respondents direct attention to the rule in personal injury cases authorizing the inspection of premises or machinery and the examination of the person of plaintiffs by physicians selected by court. Such an inspection and examination tends to disclose evidence relating to the merits of the action.

The papers called for in the order are the private property of defendant, and the learned trial judge exceeded his jurisdiction in making the order. It follows our rule upon respondents should be made absolute. It is so ordered. All concur.

PER CURIAM:—The opinion by GANTT, J., in Division is hereby adopted by the Court en Banc. All concur.