STATE OF MISSOURI at the Relation of FRANCES WILLIAMS, Relator, v. PAUL A. BUZARD, Judge of Division No. 8 of the Circuit Court of Jackson County, Missouri.—No. 39602.—190 S. W. (2d) 907.

Court en Banc, November 5, 1945.

Rehearing Denied, December 3, 1945.

*E. E. Thompson, Alfred H. Osborn* and *Charles V. Garnett* for relator.

*Charles L. Carr, Alvin T. Trippe* and *William S. Hogsett* for respondent.

█ HYDE, J.—Mandamus to require entry of order to compel answers to relator's interrogatories by the Kansas City Public Service Company (hereinafter called the defendant) in her suit for damages for personal injuries.

█ The principal question is whether the new civil code [Laws Mo. 1943, pp. 353-357, Discovery, secs. 85-89; Mo. Stat. Ann. 847.1-847.145, Discovery, secs. 847.85-847.89] authorizes the court to require the defendant therein to answer the following question:

"(8) Please state the names and addresses of all persons whose names and addresses were taken by any employee of your corporation at the scene of the casualty?"

At the hearing on defendant's objections, it was agreed "that the operator of defendant's street car referred to in plaintiff's petition took the names and addresses of witnesses at the scene of the casualty referred to in plaintiff's petition; and that in doing so said operator followed standing rules and instructions of defendant, his employer." The order of the Court was "that upon the record and under the pleadings of the parties herein the Court would, in the exercise of its discretion, (if it had discretion), require defendant to answer plaintiff's interrogatories and each of them if, under Section 85 of the Code of Civil Procedure, or under substantive law, the legal right to compel such answers exists; but the court, being of opinion that neither said Section 85 nor the substantive law confers upon this court the power to compel such answers, does now, upon that ground alone, sustain defendant's objections to plaintiff's interrogatories and each of them."

Code Section 85 authorizes interrogatories to parties and is substantially Rule 33, Federal Rules of Civil Procedure. F. R. 26 specifically authorizes depositions to be used for the purpose of discovery as well as for evidence (F. R. 26a); and further authorizes examination "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . including . . . the identity and location of persons having knowledge of relevant facts." (F. R. 26b.) Defendant points out that our Code does not contain these provisions of the Federal Rules; and that, while some of them were included in Plan II as recommended by the Advisory Committee appointed by this Court to draft the new code, they were eliminated from its final report and were not adopted by the General Assembly. [Atkinson—Missouri's New Civil Procedure, 9 Mo. Law Rev. 47, 1. c. 51.] Defendant's contention is that interrogatories under Section 85 can be no broader in scope than is authorized under our deposition practice. [Secs. 1917-1948 (R. S. 1939) Mo. Stat. Ann.]

Relator claims that F. R. 33 is not dependent upon F. R. 26, but is complete in █ itself so as to require disclosure of names of prospective witnesses without relying upon it for that construction.

Therefore, relator claims that Code Section 85 likewise is complete in itself; and, because it contains no limitation, is broader than our deposition practice. Relator's theory is that anything relevant to the issues of the case may be the subject of such interrogatories, regardless of its admissibility in evidence.

Most of the decisions construing F. R. 33 as authorizing discovery of names of witnesses have relied upon F. R. 26(b). However, some Federal decisions have even held interrogatories to be more limited, in the field of inquiry, than depositions. Therefore, the Advisory Committee of the United States Supreme Court has proposed adding a new paragraph to F. R. 33, a clarifying amendment, the first sentence of which is as follows: "Interrogatories may relate to any matters which can be inquired into under Rule 26(b); and the answers may be used to the same extent as provided in Rule 26(d) for the use of the depositions of a party." Likewise, because of conflicting decisions as to the scope of F. R. 26(b), the following new sentence is proposed to be added at the end of that section: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." [For these amendments and for citation and discussion of conflicting cases including most of the Federal cases cited by both parties herein, see Second Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the District Courts of the United States, pp. 31-35 and 40-43.] Thus it clearly appears to be the view of the Advisory Committee which prepared the Federal Rules that the scope of examination on interrogatories was intended to be, and should be, the same as that authorized on depositions.

This same view was expressed by a member of our Advisory Committee (and of its sub-committee on draft) prior to the submission of the final draft to the General Assembly. [Wheaton—Discovery, 7 Mo. Law Rev. 113, l. c. 115.] Certainly, the discovery provisions of our Code are even more limited than were those proposed in the final draft of our Advisory Committee, because of amendments made to the original bill by our Legislature. [Atkinson—Missouri's New Civil Procedure, 9 Mo. Law Rev. 47, l. c. 65.] This was due, no doubt, to our satisfactory experience with the use of depositions for the discovery of evidence. The right to examine the adverse party under the rules of cross-examination [Sec. 1889 (R. S. 1939) Mo. Stat. Ann.], and to compel him to answer, either in court or on depositions, both by penalties for contempt and by striking out his pleadings [Sec. 1894 (R. S. 1939) Mo. Stat. Ann.], has long been established in this state. (These were included in our 1849 Code, Laws 1849, p. 99.) It has been said that such provisions for depositions "are in the nature of the old chancery practice relating to a bill of discovery, entitling the party to sift the conscience of his adversary." [Ex parte Brockman,

233 Mo. 135, 134 S. W. 977 and cases cited.] However, as pointed .out in State ex rel. Evans v. Broaddus, 245 Mo. 123, 149 S. W. 473, while this is to obtain of his testimony, "this discovery was strictly limited to the opponent's own testimony, that is, his own admissions resting on his own knowledge and belief." [See also 27 C. J. S. 47, sec. 30, and p. 50, sec. 32; 17 Am. Jur. 11, sec. 12.] It was, therefore, held therein that on a deposition a claim agent of defendant, who was not a witness to the casualty, could not be required to give the names of persons who had later told him they had witnessed it. [For a case reaching the same result under the Federal Rules, see Poppino v. Jones Store Co., 1 F. R. D. 215; See also State ex rel. Page v. Terte, 324 Mo. 925, 25 S. W. (2d) 459; State ex rel. Missouri Pacific R. Co. v. Hall, 325 Mo. 102, 27 S. W. (2d) 1027.]

This whole matter is fully discussed by Wigmore [Wigmore on Evidence, 3rd Ed., Sec. 1856]; and the reasons for its limitation to the prosecution in criminal cases, and the difficulty of framing a fair practical rule in civil cases, is there considered. [For a discussion of this problem in amending the Federal Rules see Holtzoff—Desirability of Amending the Federal Rules of Civil Procedure. 2 F. R. D. 495, 1. c. 499.] Regardless of whether or not it would be desirable to go as far as relator desires in discovery, we think it is clear that it cannot be done without amending our Code. F. R. 33 did not come full grown out of the sky; it is derived from former Equity Rule 58 which had its basis in the bill of discovery practice of Chancery. As shown by the above authorities its purposes were well known and its use was to find out what ▆▆▆ the opponent knew of his own knowledge which the other party could use as evidence. It has been broadened in Federal procedure to the extent that depositions have been broadened. Our Legislature adopted Section 85 with this background. Undoubtedly the discovery provisions of the Federal Rules (F. R. 26-37), taken as whole and construed together, greatly broaden the scope of discovery practice but, as seen, there is so much controversy as to their limits that its framers deem it necessary to make them more specific. However, as hereinabove pointed out, our Advisory Committee did not recommend many of these broadening provisions and our Legislature further limited those recommended. While our new Code does establish broader and more comprehensive discovery practice than our former procedure, it does not go as far as relator claims.

We must, therefore, conclude that it was the intention of our Legislature in adopting the new Code to make the scope of examination on interrogatories under Section 85 coextensive with that permitted on depositions but to go beyond it to authorize discovery of matters (not admissible in evidence) which might aid the party in preparing for trial such as the identity of prospective witnesses who have been found by the opposing party. This does not mean that such inter-

rogatories would have no value, as suggested in relator's brief. They provide a less formal and less expensive way of ascertaining facts than by depositions. Any admissions as to facts so obtained may be offered in evidence at the trial. They may be used to obtain details of matters which are alleged only in generalities in the pleadings and to narrow the issues as to matters formally denied in the pleadings but not actually disputed. Thus trial time and expense may be saved by eliminating uncontroverted facts which would be at issue on the pleadings.

However, defendants' position is too restricted when they say "The names of mere onlookers—persons having no part in the accident —would not be relevant or material to the issues." The situation here is not the same as that in State ex rel. Evans v. Broaddus or in Poppino v. The Jones Store, supra, on which they rely. There the question called for hearsay only; namely, what an investigator found out from others, long after the occurrence. He was not at the scene of the casualty and knew nothing of his own knowledge of it or about who was there. Moreover, this Court said in the Evans case (245 Mo. 1. c. 142): "We have not before us at this time the question whether one eyewitness may not be asked who the other eyewitnesses of an accident were. That information might be useful in chief to identity and earmark the transaction, or in rebuttal." (Declarations of bystanders have been admitted as part of res gestae. Wigmore, sec. 1755; Annotation 76 A. L. R. 1129.) Undoubtedly, it would be proper to ask defendant's operator (if his deposition should be taken) to give the names of those he knew were present at the casualty by being found by him there on the car at that very time. If this is true, (and the Evans case itself is authority for it) then certainly it would be proper to require the same information to be given by the defendant on interrogatories. [See State ex rel. Iron Fireman Corp. v. Ward, 351 Mo. 761, 173 S. W. (2d) 920.] Question 8 is too broad because it goes beyond what the operator actually immediately found out himself then and there about who were on the car at the time and place of the casualty; and calls for those whom any employee of defendant may have found there later or identified with it by hearsay only. We must, therefore, hold that the Court properly refused to require this question to be answered.

However, we see no reason why Questions 1 and 2 should not be answered. They were as follows: "1. Please state the names and addresses of any other of your employees (aside from the operator of the street car) who were on the street car at the time and place of the casualty referred to in plaintiff's petition. 2. In what capacity are the employees mentioned in your answer to interrogatory No. 1 employed?"

The names of other employees of defendant on the street car at the time of the casualty, and their duties at that time, certainly are

relevant and material. They would have been eyewitnesses to the casualty or to some of the circumstances which were a part of it. They or any of them might have been involved in negligence causing it. Certainly it has always been considered proper to show who were the members of a railroad train crew, and what their duties were, in personal injury negligence cases. Likewise we think either party is entitled to know who was the other party's driver, and the identity and duties of any other employee ██ with him, in an automobile collision case. Our reports are full of cases in which the names and duties of employees involved in such casualties are stated in detail and if this has ever been questioned as inadmissible evidence, in any case, we have not found it. We, therefore, hold that defendant should be required to answer Questions 1 and 2. Questions 3 to 7 so far as they call for anything proper have been answered in the stipulation herein filed.

██ Writ made peremptory to require answer to Questions 1 and 2 of relator's interrogatories. All concur.

## ON MOTION FOR REHEARING.

HYDE, J.—██ Respondent, on motion for rehearing, contends the opinion is inconsistent in ruling that the scope of interrogatories is coextensive with that permitted on depositions, and does not go beyond it to require disclosure of prospective witnesses found after the occurrence; and in further ruling that it would be proper to require defendant herein to give the same information on interrogatories which its operator could be required to give in a deposition.

Respondent's position is that this is inconsistent because "interrogatories are to be answered, not by the operator who 'found' the witnesses 'at the very time' of the casualty, but by an officer, director or managing agent of the defendant competent to testify in its behalf"; and that "the sole reason for holding such a question proper in a deposition of the operator (who was present at the accident) would be totally absent in the case of such an interrogatory addressed to a company official who was not present at the accident." In other words, respondent's claim is that this ruling requires hearsay testimony from a company official thereby conflicting with our ruling that Question 8 of the interrogatories was too broad "because it goes beyond what the operator actually immediately found out himself then and there about who were on the car at the time and place of the casualty; and calls for those whom any employee of defendant may have found there later or identified with it by hearsay only."

The fallacy of this argument is that it erroneously assumes that the only purpose of these interrogatories was to get testimony of an officer, director or managing agent of defendant. The interrogatories were not directed to them, they were directed to the defendant, a corporation. Section 85, and Rule 3.19, authorize service on one of

them to notify defendant, because a corporation has to be reached by service on some individual. Likewise, some individual must be responsible for making its answer. Section 27(c) authorized service on company officials to bring defendant into court in the first place, but no one would contend that such individual served was sued or would have to pay a judgment against the corporation. Of course, defendant's officers, directors and managing agents do not operate its cars and busses and most likely would not personally know anything about the circumstances of any of its traffic accidents. Therefore, interrogatories to a corporate defendant cannot completely take the place of depositions of its employees as a method of discovery. The best way to find out the circumstances of such accidents would be to take the deposition of the operator, or of other eyewitnesses. That would also be one way to find out the names of persons whom the operator knew were present at the casualty by reason of being found by him there on the car at that very time.

However, the operator might have to refresh his memory from the memorandum he made at the time (it is agreed that operators are required to make such a list) in order to fully answer the question. If he had made such a memorandum and delivered it to a company official, and the company has it in its files, why should not an officer of the company state the names shown on it in answer to a proper question on interrogatories? Certainly the corporation knows facts that are shown by its records. [See 6 Cyclopedia of Federal Practice, 842, Sec. 2814; Creden v. Central R. Co., 1 F. R. D. 168.] All that our opinion means is that plaintiff is entitled to this information, under State ex rel. Evans v. Broaddus, 245 Mo. 123, 149 S. W. 473, and should be allowed to get it either from the operator on a deposition or from defendant on interrogatories. Either one or the other may obtain it or it may take both. If no one can answer this question that is another matter; but that fact would not determine whether or not the question was proper. [See American Far Eastern Syndicate v. The Raphael Semmes, 3 F. R. D. 71.] Nevertheless, even when an officer does not have personal knowledge gained at the scene of the casualty, some proper questions may be asked and should be answered if the information can be obtained from the company records. Questions 1 and 2 herein would seem to be in that category. Furthermore, if the interrogatories are too complicated and involved and seek to go in detail into controversial evidentiary matters, which would place too great a burden on defendant and could better be developed in depositions, the Court could sustain objections to them on that ground. [2 Moore's Federal Practice, 2619.] The spirit of the new code is to allow essential information, admissible in evidence, to be obtained by the less expensive method of interrogatories whenever that is reasonable and proper.

The motion for rehearing is overruled. All concur.