STATE EX REL. GUY A. THOMPSON, Trustee in Bankruptcy for MISSOURI PACIFIC RAILROAD COMPANY, Relator, v. BROWN HARRIS, Judge of Division No. 4 of the Circuit Court of Jackson County, Missouri, at Kansas City, and CLIFFORD COOPER.—No. 39844.—195 S. W. (2d) 645.

Court en Banc, July 8, 1946.

*Leslie A. Welch, Richard H. Beeson* and *David P. Dabbs* for relator.

*Robert E. Coleberd* for respondents.

DOUGLAS, J.—This is an original proceeding in prohibition to prevent a circuit judge of Jackson County from compelling relator railroad to answer certain interrogatories. The interrogatories were propounded in a suit for personal injuries brought by Clifford Cooper against the railroad. The injuries were caused when

Cooper ran his automobile into a freight train which was blocking a road crossing.

After a pretrial conference Cooper submitted interrogatories for the railroad to answer. The railroad objected to three of them. The objections were overruled. The railroad then filed an answer in which it refused to answer the interrogatories. Cooper filed a motion to compel the railroad to answer the interrogatories. The court sustained the motion and ordered the railroad to file its answers within thirty days, whereupon the railroad brought this proceeding in this court.

The interrogatories in question are:

"(1) Did defendant, through its agent, investigator or employee named Calvert interview plaintiff while a patient in St. Luke's Hospital and obtain plaintiff's signature to a statement prepared by either Calvert or some other agent, servant or employee of defendant. If the answer is in the affirmative, please attach a copy of said statement or statements to these interrogatories."

"(2) Did defendant, through its agent, investigator or employee named Calvert interview Betty Jones, who is now Betty Jones Cooper, plaintiff's wife, and her sister, Eleanor Jones, at the home of their father, W. A. Jones, and obtain from such parties their signature to a statement prepared by said Calvert. If the answer is in the affirmative, please attach a copy of each statement to these interrogatories."

"(3) Did defendant, through its said agent, investigator or employee Calvert interview Ira Cooper, the father of the plaintiff, and obtain his signature to a statement prepared by said Calvert. If the answer is in the affirmative, please attach a copy of such statement to these interrogatories."

Apparently Betty Jones, now Cooper's wife, her sister Eleanor and Cooper's father were occupants of the automobile at the time of the collision. The railroad admitted all had been interviewed and signed statements had been obtained from them.

The statements were not obtained at the time and scene of the collision. Cooper's statement was signed at the hospital some seventeen days after the accident. The others were obtained several days after the accident. The written statements are hearsay and in Cooper's hands as plaintiff would not be competent or material evidence. Nor is the bare fact a statement was made by Cooper and the others competent evidence for use in Cooper's behalf. The fact that the statements were made and the statements themselves would be admissible only if offered by the railroad for the purpose of impeachment.

The new civil code of procedure became effective on January 1, 1945. Laws 1943, pp. 353-397, Mo. R. S. A., sec. 847.1-.145. Under the old code the railroad could not have been compelled to furnish copies of such statements because they are not relevant and admissible

evidence. In State ex rel. v. Hall, 325 Mo. 102, 27 S. W. (2d) 1027 it was held that a trial court had no jurisdiction to force the railroad to produce a statement taken from the plaintiff by the railroad or to produce reports of employees about the accident. The court said: "The statements were made subsequent to the occurrence, are hearsay, and not admissible in evidence. . . . In this situation respondents are reduced to the contention that in the course of the trial the statements may be available for impeachment. This possibility will not sustain the order. . . . The proceeding for the order is an effort to pry into the preparation of the defendant for trial. This is condemned by all authorities." We find the same ruling about written statements obtained from witnesses in State ex rel. v. Terte, 324 Mo. 925, 25 S. W. (2d) 459. To authorize the production of documents they must contain evidence which is relevant and material to the merits of the case. See State ex rel. v. Trimble, 254 Mo. 542, 163 S. W. 860; State ex rel. v. Woods, 316 Mo. 1032, 292 S. W. 1033; State v. Miller (Mo. App.), 266 S. W. 1024; State ex rel. v. Sartorius, 351 Mo. 111, 171 S. W. (2d) 569. Evidence which serves only to impeach has ordinarily no substantive value. Hammond v. Schuermann Building & Realty Co., 352 Mo. 418, 177 S. W. (2d) 618.

Prior to the new code there was no statute authorizing the production of documents at the taking of a deposition. A special commissioner, appointed to take depositions under Section 1923, R. S. 1939 Mo. R. S. A., had no such power. State v. Taylor, 268 Mo. 312, 187 S. W. 1181; State v. Klene, 276 Mo. 206, 207 S. W. 496; Ex parte Dillon, 225 Mo. App. 280, 29 S. W. (2d) 236.

In taking depositions before a notary public observance of the strict rules of evidence has been generally relaxed. It has become a recognized practice by common consent, at least in some parts of the state, to engage in fishing expeditions in the examination of parties and witnesses. However, by noting an objection for later consideration by the court or through the office of a special commissioner the rules of evidence may be strictly enforced and irrelevant testimony excluded. In cases where strict enforcement has been sought the decisions point out it is the intent of the statutes that a deposition is to be used as evidence. Irrelevant and immaterial matters not germane to the claim are not proper subjects of examination. Tyson v. Farm & Home Savings & Loan Assn., 156 Mo. 588, 57 S. W. 740; Ex parte Krieger, 7 Mo. App. 367; State v. Broaddus, 245 Mo. 123, 149 S. W. 473.

However it is argued that the strict rules and decisions under the old code are not in harmony with the spirit and purpose of the new code. This court has recognized that the trend is to broaden the scope of discovery and that such is the spirit of the new code. State ex rel. v. Ward, 351 Mo. 761, 173 S. W. (2d) 920. The new code takes steps in that direction. When such a policy has been adopted the courts

should follow, not oppose it. But we do not find the new code has gone as far as is contended.

The new code does not authorize either expressly or by implication the production of documents or copies of them either in court, or on deposition, or on interrogatories which are incompetent and immaterial and germane to the subject matter of the suit.

Let us look at the provisions of the new code that pertain to discovery. The trial court is now authorized to compel the production of documents at the taking of a deposition. Sec. 847.142 Mo. R. S. A. This must be read in connection with Section 86 on the production of books and papers which expands the scope of old sections which were repealed. Sec. 847.86 Mo. R. S. A. Section 86 requires that the documents to be produced "contain evidence material to any matter involved in the action." We find nothing here which authorizes the production of evidence which would be inadmissible at the trial, even if it were to be used for the purpose of discovery.

The use of interrogatories is now authorized by the new code by Section 85. Sec. 847.85 Mo. R. S. A. Considering that section in a recent case this court held that it was the intention of the legislature to limit the scope of examination on interrogatories to that permitted by deposition, and not to authorize discovery of matters not admissible in evidence even though such matters might aid in the preparation for trial. State ex rel. v. Buzard, 354 Mo. 719, 190 S. W. (2d) 907. That decision is controlling of the question in this case. There is no authority to compel the production of the copies of the statements herein sought in view of the fact they are hearsay and inadmissible. They could not be ordered produced on depositions. Therefore, they may not be ordered produced on interrogatories.

These provisions of the new code either follow or are substantially the same as similar provisions in the Federal rules. 28 U. S. C. A. following Sec. 723c. Therefore, it is argued that we should heed the Federal decisions and sustain the order of the trial court ordering the railroad to give Cooper copies of the statements. The Federal decisions were at first in confusion but now apparently hold that statements of the plaintiff and of witnesses must be furnished plaintiff if requested through interrogatories, unless they are privileged. Hickman v. Taylor, C. C. A. 3d Cir., 153 F. (2d) 212. And see Engl v. Aetna Life Ins. Co., C. C. A. 2d Cir., 139 F. 469. It matters not that such statements are inadmissible as hearsay. Admissibility at trial is not the test as to whether the information sought is within the scope of proper examination. The test is whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence. This follows from the fact that the scope of examination by interrogatories under Federal rule 33 is as broad as the scope of examination by deposition under Federal rule 26. Munger v. Swedish American Line, 35 F. Supp. 493. The scope of examina-

tion under Federal rule 26 is far broader than the scope now permitted by our code. Rule 26 in its present form expressly states the examination may be had for the purpose of *discovery or for use as evidence in the action or for both purposes.*

To clear up the confusion caused by conflicting decisions, amendments to Federal rules 26 and 33 have been proposed which expressly incorporate in rule 26 a provision that "it is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence"; and in rule 33 a provision that "interrogatories may relate to any matters which can be inquired into under Rule 26 (b)."

Our present Missouri code does not authorize the use of depositions for the purpose of such broad discovery as now permitted by the Federal rules or as contemplated by the proposed clarifying amendments. Because of the differences in the Federal rules and our present code the Federal decisions are not applicable and do not conflict in any way with the conclusion reached in State v. Buzard, supra. Under the latter decision the trial court in this case had no authority to order the production of irrelevant and immaterial matters not admissible in evidence. In doing so it exceeded its jurisdiction.

Peremptory writ ordered issued. All concur.