STATE EX REL. THE MILLER'S MUTUAL FIRE INSURANCE ASSOCIATION, Relator, v. J. HENRY CARUTHERS and MRS. CHRISTINA C. MERCER, Respondents, No. 41683—226 S. W. (2d) 711.

Court en Banc, February 13, 1950.

*Sievers & Reagan* and *Oliver & Oliver* for relator.

*Frank Lowry* for respondents.

HYDE, C. J.—This is an original proceeding in prohibition seeking to prevent enforcement of an order by Judge Caruthers requiring relator to answer the following interrogatories:

First Interrogatory: What is the name and address for the purpose of service of a subpoena of each person employed by your corporation as an adjuster and who participated in the inspection, adjustment or inspection of the property of the above named plaintiff following the fire occurring on February 16, 1949 whereby her property located at 127 North Main Street, Cape Girardeau, Missouri, was damaged?

Fifth Interrogatory: Were any agent, adjuster, investigator or other person directed by the above named defendant or by its agents, servants or employees to make inquiry regarding the above named plaintiff in Williamson County, Illinois, and if so, for what purpose and what instructions were extended such persons regarding such investigaton or inquiry and what persons were interrogated by such person or persons?

Sixth Interrogatory: What are the names and addresses of all persons interviewed by any and all investigators, appraisers, adjusters, agents or servants employed by the above named defendant to investigate, appraise, adjust or inquire into the fire occurring on February 16, 1949 whereby property owned by the above named plaintiff was damaged at 127 North Main Street, Cape Girardeau, Missouri?

These interrogatories were asked in an action by Mrs. Christina Mercer against relator on a fire insurance policy for the amount of fire loss claimed, seeking penalties for vexatious delay, including attorney's fee; and also containing a third count seeking both actual and punitive damages for activities of relator's agents which respondent alleged slandered her in her business and personal reputation. We see nothing wrong with the First Interrogatory. Relator admits that in State ex rel. Iron Fireman Corporation v. Ward, 351 Mo. 761, 173 S. W. (2d) 920, we required production of records to show names of persons making sales, repairs and inspections of the furnace in-

volved in that case. The adjusters, who participated in the investigation, adjustment or inspection of plaintiff's property following the fire, would certainly be competent witnesses as to the amount of the loss which was one of the important issues in the case. They may have also observed conditions on the premises tending to show the origin of the fire. Plaintiff had the right to take the depositions of these adjusters to find out what their testimony would be. We, therefore, hold that the Court properly required relator to answer the First Interrogatory.

██ However, we do not think that the Fifth and Sixth Interrogatories were proper. Relator's answer stated as a defense that the fire was wilfully set, or caused to be set, by plaintiff for the purpose of defrauding it as the insurer. Relator, of course, had the right to make any reasonable investigation in support of this defense. The allegations of the petition in regard to an investigation in Williamson County, Illinois, are as follows:

"10. For other and further cause of action against this defendant plaintiff states that following said fire and damages as above alleged, agents, servants, adjusters and investigators of defendant in addition to the wrongful conduct above described, did go to Williamson County, Illinois, the home of plaintiff, and there inquire of divers persons, including Dennis Read, Samuel Collier, Carlis Little and others as to plaintiff's connection with a cleaning business at Marion, Illinois, with a Beauty Shop that sustained a doubtful fire loss and became insolvent and as to whether this plaintiff had received a sum of money from the estate of a friend of plaintiff to whom she was engaged to be married prior to his death and plaintiff avers that said agents, servants and investigators made said inquiries of said persons and others in such manner as to leave with said persons an inference of wrongful conduct on the part of plaintiff and plaintiff avers further that such inquiries and investigations were deliberately done and performed so as to leave such inference and were not in furtherance of defendant's effort to determine the origin of said fire and its resultant damage."

We would have a different question if plaintiff had only asked for the names of relator's investigators or agents who made the investigation for it in Williamson County upon which she bases her claim in Count Three. This would be within our ruling on the First Interrogatory. We would also have a different question if plaintiff had asked for the name of any investigator or agent who was alleged to have interviewed a specifically designated witness, to whom it was alleged a certain statement had been made and such statement was alleged as the basis of the slander count. However, the Fifth Interrogatory (as does the Sixth Interrogatory) asks for the names of the persons interrogated by relator's agents, investigators or ad-

justers after the fire. Thus, these questions called for the names of persons whose connection with the case and knowledge of facts could only have become known to its agents by hearsay. This has been uniformly held beyond the scope of our discovery practice. (State ex rel. Williams v. Buzard, 354 Mo. 719, 190 S. W. (2d) 907; State ex rel. Thompson v. Harris, 355 Mo. 176, 195 S. W. (2d) 645; State ex rel. Kansas City Public Service Co. v. Cowan, 356 Mo. 674, 203 S. W. (2d) 407.) Thus we must hold the Fifth and Sixth Interrogatories improper for this reason alone.

 Nothing else is involved in the Sixth Interrogatory. However, the Fifth Interrogatory also improperly calls both for subjective purposes and for intracompany instructions given to relator's agents about the preparation of its defense. The United States Supreme Court held in Hickman v. Taylor, 329 U. S. 495, 67 S. Ct. 385, 91 L. Ed. 451, that, even under the broader discovery provisions of the Federal Rules, it was not proper to require the disclosure of the thoughts, mental processes and work product of lawyers in the preparation of the defense of a case. We hold that under our Code this principle also applies to such preparation by parties and their adjusters or investigators. Relator relies on State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S. W. (2d) 383, but that case involved an order for production of documents under Sec. 86 of the Code. (Sec. 847.86 R. S. A.) The documents which we ordered produced therein were specifically designated in the application and order. They were found to be material and admissible as evidence in the case. It is not authority for these parts of the Fifth Interrogatory we have held to be improper.

 Therefore, our rule is made absolute to prohibit respondent Judge from requiring answers to the Fifth and Sixth Interrogatories and in all other respects our rule is discharged. All concur.