**STATE of Missouri ex rel. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Relator,**

v.

**Honorable Henry A. RIEDERER, Judge of Division One and Presiding Judge of the Circuit Court of Jackson County, Missouri, at Kansas City, Respondent.**

No. 45778.

Supreme Court of Missouri,
En Banc.

June 10, 1957.

Hale Houts, Alvin C. Randall, Thad C. McCanse, Hogsett, Houts, James, Randall & Hogsett, Kansas City, for relator.

S. David Trusty, Sam Mandell, Kansas City, for respondent, Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel.

LEEDY, Jr., Judge.

Relator, Chicago, Rock Island and Pacific Railroad Company, is defendant in an action for personal injuries brought by Gola S. Hale which is pending before the respondent judge. By this original proceeding in prohibition relator seeks to prevent the enforcement of respondent's order to produce for copying and inspection by said plaintiff, his (Hale's) own statement or report to the railroad of the occurrence alleged in his petition as resulting in the injuries sued for.

Hale was employed by the railroad as a laborer and section worker, and his injuries are alleged to have been sustained in Clark County, Kansas, on or about January 8, 1952, through the negligence of the railroad while he was assisting others in the lifting of a large heavy section of switch rail. His suit, praying damages in the sum of $30,000, was filed November 4, 1954, and on the same day Hale propounded to the railroad, among other interrogatories, No. 8, the several parts of which, together with the answers thereto, read as follows:

"Plaintiff's interrogatories:

"8 (a) Did anyone on behalf of defendant make a written or verbal report to defendant of said alleged occurrence, and (b) If so, whom and when, and (c) Where is said report now and in whose custody?

"Defendant's answers:

"8 (a) Yes; (b) Plaintiff made a written report to W. E. Martin on January 14, 1952; (c) Report is now in

the custody of Hogsett, Houts & James, attorneys for defendant."

Thereafter, plaintiff filed his motion to produce, which motion (omitting caption and signatures) reads as follows:

"Comes now the plaintiff, and shows to the Court that in the possession of the attorney for the defendant is a written report made to one W. E. Martin, plaintiff's foreman on the job at the time plaintiff alleges he was injured, said report purportedly being made by plaintiff, Gola S. Hale, and further shows to the Court that said report contains evidence material to the allegations of negligence and injury involved in this action, and that said report is not privileged, but is a regular business record of defendant.

"Wherefore, plaintiff prays an order of the Court that defendant produce said record for inspection and copying by plaintiff."

No evidence was heard on the motion, but the parties appeared and argued it, pro and con, and on June 15, 1956, the court ordered that said motion be sustained, and accordingly ordered the production of the document for inspection and copying by the plaintiff. The railroad having refused to comply with such order, and believing that, unless prohibited, the court would enforce the same as provided in Section 510.050, it applied to this court for prohibition. A preliminary rule in prohibition was ordered issued, and respondent made his return, in which, after admitting the facts as alleged in relator's petition and above set out, it was stated that at the hearing on said motion, plaintiff's counsel had stated that relator railroad maintained a claims department and claim agents, and that a claim agent of relator had taken the written statement from plaintiff in issue; that the court judicially noticed that relator and other railroads regularly maintained claims departments and claim agents, and required no proof of such facts; and the return further averred that inasmuch as

"plaintiff's written statement might contain admissions against plaintiff's interest which would constitute competent, material and independent evidence to be used against plaintiff," the same was ordered produced for inspection by plaintiff's counsel.

Relator's position is that the court lacked jurisdiction to order the production of plaintiff's written report to relator's foreman for each of the following reasons:

(1) Because there was no showing of good cause as required by § 510.030, RSMo and V.A.M.S.;

(2) Because such written report is a privileged document as a part of relator's preparation for anticipated litigation; and

(3) Because such report would not be admissible in evidence at the trial on behalf of plaintiff, and the fact that the report might be used for impeachment purposes does not justify such an order.

Section 510.030, under the authority of which respondent judge purported to act in making the order in question, provides in pertinent part as follows:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may

"(1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; * * *."

██ It has been consistently held, both under this statute and its predecessors, that one of the basic requirements for an order to produce is that the matter sought must be admissible in evidence. State ex rel. Thompson v. Harris, 355 Mo. 176, 195 S.W.

2d 645, 166 A.L.R. 1425, and cases there cited. The case just mentioned involved an attempt by the plaintiff in a personal injury action to compel the production of written statements made by him and other occupants of his automobile to agents of the railroad several days after the car-train collision out of which the suit arose. It was held that such statements were hearsay in the motorist's action against the railroad, and would be admissible only if offered by the railroad for the purpose of impeachment; that the statute (present § 510.030) did not authorize the production of evidence which would be inadmissible at the trial even if it were used for the purpose of discovery, and consequently there was no authority in the trial court to compel the production of the copies of such statements in the hands of the railroad at the behest of the plaintiff-motorist. See, also, State ex rel. Terminal Railroad Ass'n v. Flynn, 363 Mo. 1065, 257 S.W.2d 69; State ex rel. Headrick v. Bailey, Mo., 278 S.W.2d 737; State ex rel. Page v. Terte, 324 Mo. 925, 25 S.W.2d 459. Such is the situation in the case at bar, except that respondent takes the position that the report or statement in question may constitute independent evidence material to the matters involved in the pending action, the argument being that the "report must contain statements which the relator must believe constitute admissions against interest, else the production of that report would not be a matter of life or death to the relator * * * but, as admissions against interest, they constitute direct evidence, admissible without the usual foundation for impeachment." The single case cited in this connection is Southern Bank of Fulton v. Nichols, 202 Mo. 309, 100 S.W. 613, 617, which holds, in accordance with the universal rule, that declarations and admissions of a party to a lawsuit against his interest are always admissible *in favor of the adverse party* as original evidence. It is further contended that the statement may constitute direct evidence for the purpose of rehabilitating plaintiff as a witness in

the event it should appear that he later made statements inconsistent with the statement in question. We are of the opinion that neither of these collateral uses to which the statement might conceivably become subject would render the same, in the hands of plaintiff, admissible in evidence at the trial within the meaning of the cases so as to justify pre-trial discovery. For this reason alone, the preliminary rule in prohibition should be made absolute.

In view of recent legislative developments, we deem it appropriate to consider the other grounds of relator's complaint. The Sixty-Ninth General Assembly, which has just adjourned, passed Senate Bill No. 179, which, if approved by the Governor, will have the effect of abolishing admissibility in evidence as a requirement for an order to produce under § 510.030, and to substitute for some of our present practice the broader and more liberal discovery provisions of Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. We consider, then, the question of whether plaintiff's statement is privileged as a part of relator's preparation for anticipated litigation. In this connection, relator stresses State ex rel. Terminal Railroad Ass'n v. Flynn, 363 Mo. 1065, 257 S.W.2d 69, and State ex rel. Missouri Pacific Railroad Co. v. Hall, 325 Mo. 102, 27 S.W.2d 1027, 1029. The latter case did not arise under the present statute, and insofar as it involved the production of a plaintiff's statement upon his own motion, the decision denying discovery seems to rest on the proposition that the statement would not be used by the plaintiff for impeachment, which is but another way of saying it would not be admissible; that the proceeding was an effort to pry into the preparation of the defendant for trial, and that the papers called for in the order, including plaintiff's own statement, were the private property of the defendant railroad. Certainly, under the present statute, the latter reason would not be recognized as valid. The Flynn case involved photographs taken at the scene of

the accident by the railroad's special services department in preparation for the defense of reasonably anticipated litigation. The photographs were held to be privileged and not subject to discovery. In so holding, this court said [363 Mo. 1065, 257 S.W.2d 75]: "These photographs, like diagrams, maps and drawings prepared for use in anticipated litigation and after the cause of action accrued, were the 'work product' of relator in preparation of its defense and in anticipation of litigation and they are not subject to discovery and it matters not whether they are the work product of relator's agent or attorney or whether they have as yet been delivered to the custody and control of the particular attorney who is in charge of the defense of the particular case [citing cases]."

■ There is nothing in the record to show the circumstances under which the statement in the case at bar was made, and hence we are unable to determine whether it was made as a part of relator's preparation for anticipated litigation. The fact alone that it is presently in the hands of relator's attorneys does not exempt it from discovery. And here, unlike the Flynn case, upon which relator principally relies, the damage suit was not filed until two years and ten months after the casualty, although Hale's statement was taken only six days after such casualty. In the very nature of things, there was, as regards the plaintiff Hale, no privacy involved in the gathering of information from him touching the casualty by defendant's agents, and so we are disposed to view such a statement as not enjoying the special exemption from discovery which ordinarily attaches to the work product of a lawyer as announced in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, which principle this court has expressly sanctioned and extended under our Code to parties and their adjusters or investigators. State ex rel. Miller's Mutual Fire Ins. Ass'n v. Caruthers, 360 Mo. 8, 226 S.W.2d 711, 713; State ex rel. Terminal Railroad Ass'n v. Flynn, supra. Even so, it does not follow that production

may be demanded as of right, as sought by the present motion. The statute conditions such an order upon a showing of good cause, and none has been alleged or shown. The question of the sufficiency of the showing of good cause varies widely in the different states. Thus far this court has not had occasion to consider the matter as applied to a plaintiff's own statement.

The preliminary rule in prohibition is made absolute.

All concur.